(687 P.2d 648)

No. 56,247

STATE OF KANSAS, *Appellee,* v. STEVEN K. LATIMER, *Appellant.*

Opinion filed September 20, 1984.

*Robert D. Hecht,* of Scott, Quinlan & Hecht, of Topeka, for the appellant.

*Robin D. Fowler,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Jerry L. Harper,* district attorney, for the appellee.

Before BRISCOE, P.J., ABBOTT and SWINEHART, JJ.

SWINEHART, J.: Defendant Steven K. Latimer appeals from his conviction of obstruction of official duty, in violation of K.S.A. 21-3808. Defendant asks us to determine whether a suspect's

giving of a fictitious identity to a law enforcement officer can constitute a violation of K.S.A. 21-3808, and whether 21-3808, as applied, is unconstitutionally vague.

On June 5, 1983, defendant ordered and received a pizza costing $6.50 at a Pizza Hut in Lawrence. Upon attempting to leave the Pizza Hut by the back door, defendant was confronted by a Pizza Hut deliveryman who accused defendant of not having paid for the pizza. Defendant reentered the Pizza Hut where he told the employees that he had paid for the pizza. When one of the employees called the police, defendant fled out the back door, pursued by another employee.

Officer Rex Lane of the Lawrence Police Department was then on duty, in uniform, and driving a marked patrol car. Officer Lane first saw defendant when defendant was approximately twenty-five to thirty yards from the Pizza Hut. Defendant was being pursued by a Pizza Hut employee who motioned to the officer for help. Officer Lane stopped defendant and the employee about one block from the Pizza Hut. As he exited his patrol car, Officer Lane heard via his radio that the nearby Pizza Hut had reported a "walk-out."

Defendant claimed that he had been in the Pizza Hut but had paid his bill. When Officer Lane asked defendant his name, defendant replied "Kenneth Q. Lindsay," and gave both a Topeka and a Lawrence address. Officer Lane determined that defendant had no identification on him. Defendant was then taken to the Pizza Hut where the employees maintained that none of them had taken payment for defendant's pizza. Defendant was thereupon arrested by Officer Lane and was transported to jail. A check by the dispatcher of the Kansas Motor Vehicles files revealed no driver's license issued to a Kenneth Q. Lindsay. When confronted with this information during the booking process, defendant refused to identify himself further. Approximately one-half hour later, when in jail, defendant admitted that his name was Steven Kent Latimer.

Defendant was charged with theft of services, in violation of K.S.A. 21-3704, and obstructing a person in his official duty, in violation of K.S.A. 21-3808. The court refused to allow the State to amend the complaint from theft of services to defrauding a restaurant (K.S.A. 1983 Supp. 36-206), and thereafter dismissed the theft charge. In a bench trial, defendant was found guilty of

obstruction for having falsely identified himself to Officer Lane. Defendant now appeals that conviction.

Defendant first argues that he was improperly compelled to identify himself to Officer Lane, and that his giving of a false identity does not constitute a violation of K.S.A. 21-3808, obstructing official duty. The State contends that both the warrantless arrest statute, K.S.A. 22-2401, and the stop and frisk statute, K.S.A. 22-2402, justify Officer Lane's request for defendant's identity.

K.S.A. 22-2401(c)(2)(i) provides that a law enforcement officer may arrest a person when he has probable cause to believe that the person is committing a misdemeanor *and* the law enforcement officer has probable cause to believe that such person will not be apprehended unless such person is immediately arrested. Defendant concedes that Officer Lane was supplied information upon which he could "reasonably suspect" that defendant had committed a crime, and the record reveals sufficient facts to support a finding of probable cause that defendant was committing a crime. However, defendant claims the officer lacked probable cause to believe that defendant would not be apprehended unless he was immediately arrested, since defendant supplied a plausible name and address to the officer.

This argument is without merit. The record reveals that defendant was carrying no identification when stopped by Officer Lane, and was unable to verify his given identity in any way. Officer Lane had probable cause to believe that defendant had left the Pizza Hut without paying for his pizza, had seen defendant in an all-out flight from a Pizza Hut employee, and had determined that defendant lacked positive identification. Under these circumstances, Officer Lane had probable cause to believe that defendant would not be apprehended unless he was immediately arrested. To hold otherwise would allow any misdemeanor suspect to give a plausible but false identity upon being questioned, preventing his arrest with or without a warrant (warrantless arrest not possible since no probable cause to believe defendant would not be apprehended later, and arrest with warrant not possible because identity is false and defendant's whereabouts unknown).

Further, the stop and frisk statute clearly provides that a law enforcement officer may stop any person in a public place whom

he reasonably suspects has committed a crime, and may demand of him his name, address and an explanation of his actions. K.S.A. 22-2402(1). The actions taken by Officer Lane fell squarely within the limits of this statute. Accordingly, the request that defendant reveal his name was proper.

Although Officer Lane had the right to demand of defendant his name under the circumstances revealed in the record, defendant was under no legal duty to respond to the question posed by the officer. As was stated in *Kolender v. Lawson*, 461 U.S. 352, 366, 75 L.Ed.2d 903, 103 S.Ct. 1855 (1983), (Brennan, J., concurring):

"In sum, under the Fourth Amendment, police officers with reasonable suspicion that an individual has committed or is about to commit a crime may detain that individual, using some force if necessary, for the purpose of asking investigative questions. They may ask their questions in a way calculated to obtain an answer. But they may not *compel* an answer, and they must allow the person to leave after a reasonably brief period of time unless the information they have acquired during the encounter has given them probable cause sufficient to justify an arrest."

Because of the number of devices with "substantial coercive impact" available to police officers, few people will ever feel free not to cooperate fully with the police by answering their questions. *Kolender*, 75 L.Ed.2d at 913. Nonetheless, a refusal to answer furnishes no basis for an arrest, but may alert the officer to the need for continued observation.

In the present case we are not asked to determine whether defendant, by his silence, violated K.S.A. 21-3808. Rather, the central issue on appeal is whether defendant, by giving a false identity when asked his name by Officer Lane, violated K.S.A. 21-3808. That statute provides in part:

"Obstructing legal . . . duty is knowingly and willfully obstructing, resisting or opposing any person authorized by law to serve process . . . in the discharge of any official duty."

Defendant does not challenge the fact that Officer Lane was authorized by law to serve process or that he acted in the discharge of his official duty in his dealings with defendant. Rather, defendant claims that his giving of a false name is not the type of conduct which the statute was meant to prohibit. This is apparently a question of first impression in Kansas. Although other jurisdictions have examined whether false statements to a law enforcement officer constitute obstruction, the differences in

statutory language and fact situations minimize the relevance of those cases. See, *e.g., Dayton v. Rogers,* 60 Ohio St. 2d 162, 164, 398 N.E.2d 781 (1979) (false identification of suspect by suspect's companion did not "hamper or impede public officials in the performance of their lawful duties"); *Hudson v. State,* 135 Ga. App. 739, 218 S.E.2d 905 (1975) (suspect's giving of false identification to police presented jury question whether that statement would hinder or impede police in carrying out their assigned duties).

Kansas cases have upheld convictions of obstructing official duty for the following acts of defendant: breaking away and/or running from a law enforcement officer before or after arrest prior to the filing of a formal written charge; becoming uncooperative and belligerent toward an officer, requiring physical restraint; and responding to an officer's request that the defendant accompany him by going into a house and closing the door. See, *e.g., State v. Carpenter,* 231 Kan. 235, 236, 642 P.2d 998 (1982); *State v. Sanders,* 225 Kan. 156, 587 P.2d 906 (1978); *State v. Gasser,* 223 Kan. 24, 30, 574 P.2d 146 (1977); *State v. Goering,* 193 Kan. 307, 392 P.2d 930 (1964); *State v. Merrifield,* 180 Kan. 267, 303 P.2d 155 (1956); *State v. Logan,* 8 Kan. App. 2d 232, 654 P.2d 492 (1982), *rev. denied* 232 Kan. 876 (1983). In *State v. Merrifield,* the Kansas Supreme Court examined the obstruction statute, G.S. 1949, 21-718, whose wording is echoed in the current obstruction statute, by stating:

"The statute does not limit the offense to resistance alone. It includes also willful acts of obstruction or opposition, and to obstruct is to interpose obstacles or impediments, to hinder, impede, or in any manner interrupt or prevent, and this term does not necessarily imply the employment of direct force, or the exercise of direct means. It includes any passive, indirect or circuitous impediments to the service or execution of process; such as hindering or preventing an officer by not opening a door. It may be stated as a general rule that under statutes containing the words 'obstruct, resist, or oppose,' or the single word 'resist,' the offense of resisting an officer can be committed without the employment of actual violence or direct force." *Merrifield,* 180 Kan. at 270-71.

The Judicial Council notes to the current obstruction statute, K.S.A. 21-3808, provide:

"Obstructing justice was an indictable crime at common law. The historic scope of the crime is quite broad, including almost any act that would interfer [sic] with the efficient operation of the courts. The section, which follows the former law quite closely, prohibits conduct included in the common law concept of obstructing justice."

Although 21-3808 has evidently been previously applied only to physical acts of a defendant, its scope is broad enough to encompass oral statements of a defendant as well. We find no reason to distinguish between physical acts and oral statements, since the apparent intent of the statute is to make criminal the willful obstruction by any means of an officer acting in the discharge of his official duty. As was stated in *Hudson v. State,* 135 Ga. App. at 742, about a Georgia statute:

"[T]he statute was made purposefully broad to cover actions which might not be otherwise unlawful, but which obstructed or hindered law enforcement officers in carrying out their duties. This does not, however, make any actions which incidentally hinder an officer a crime; the accused must have 'knowingly and wilfully' obstructed or hindered the officer."

In the present case, since defendant knew his correct name was not Kenneth Q. Lindsey, his false statement was made intentionally. The question remains, however, whether defendant knowingly and willfully obstructed, resisted or opposed Officer Lane in the execution of his duty by giving that false identification. Generally, whether or not a defendant's actions would hinder or impede an officer in carrying out his assigned duties is a question of fact. See *Hudson,* 135 Ga. App. at 742.

Although the record does not set forth in detail the precise manner in which defendant's falsification obstructed Officer Lane in the performance of his official duty, we find sufficient evidence to support the trial court's conclusion that such an obstruction did occur. When defendant Latimer falsely identified himself to Officer Lane, defendant was a criminal suspect who was carrying no identification. Defendant's false identity was given in response to a direct question by a police officer during the course of a criminal investigation. We find that under these circumstances, defendant's false identification impeded the course of the investigation and hindered Officer Lane in carrying out his duties in violation of K.S.A. 21-3808.

Defendant next argues that 21-3808 is unconstitutionally vague as applied. Although defendant does not specify the basis for this challenge, defendant appears to argue that the statute did not fairly warn him that lying about his identification was proscribed.

The rules applicable to the challenge of a statute on vagueness

grounds are stated in *State ex rel. Murray v. Palmgren*, 231 Kan. 524, 532, 646 P.2d 1091 (1982), as follows:

"[T]he constitutionality of a statute is presumed; all doubts must be resolved in favor of its validity, and before a statute may be stricken it must clearly appear there is a constitutional violation. We have gone on to say, in determining constitutionality, it is the court's duty to uphold the statute under attack rather than defeat it. If there is any reasonable way to construe the statute as constitutionally valid, it should be done. Statutes are not stricken unless the infringement of the superior law is clear beyond a reasonable doubt. *Von Ruden v. Miller*, 231 Kan. 1, 642 P.2d 91 (1982); *In re Brooks*, 228 Kan. 541, 543, 618 P.2d 814 (1980); *State v. Huffman*, 228 Kan. 186, 189, 612 P.2d 630 (1980); *Colby Distributing Co. v. Lennen*, 227 Kan. 179, 186-87, 606 P.2d 102 (1980); *State v. Meinert*, 225 Kan. 816, 817, 594 P.2d 232 (1979).

"Against this background let us examine the rules regarding vagueness and overbreadth:

" 'The test to determine whether a criminal statute is unconstitutionally void by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys this warning it is not void for vagueness. Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. At its heart the test for vagueness is a commonsense determination of fundamental fairness.' *State v. Kirby*, 222 Kan. 1, 4, 563 P.2d 408 (1977)."

See *State v. Gomez*, 234 Kan. 447, 453, 673 P.2d 1160 (1983).

The plain language of K.S.A. 21-3808 conveys a definite warning that the knowing obstruction of a law enforcement officer in the performance of his legal duties *by any means* is a criminal offense. The statute is not limited to physical acts of a defendant which require a physical response by a law enforcement officer. The statute's use of the phrase "obstructing, resisting or opposing" is readily understandable. Accordingly, 21-3808 is not void for vagueness.

Affirmed.