PEOPLE v VASQUEZ

Docket No. 222895. Submitted February 1, 2000, at Grand Rapids. Decided
March 17, 2000, at 9:10 A.M. Leave to appeal sought.

Mark J. Vasquez, Jr., was charged in the Isabella Circuit Court with
resisting and obstructing a police officer for allegedly giving to a
state police trooper investigating a complaint of a loud party and
minors in possession of alcohol a false age and the real name of
another person when the trooper asked the defendant his name
and age. The court, Paul H. Chamberlain, J., quashed the informa-
tion, ruling that the defendant's alleged actions did not constitute
obstructing, resisting, or opposing a police officer in the lawful act,
attempt, and effort to maintain, preserve, and keep the peace, as
proscribed by MCL 750.479; MSA 28.747. The prosecution appealed.

The Court of Appeals *held*:

1. Passive or strictly verbal conduct without a physical element
can constitute resisting, obstructing, or opposing a police officer
under the statute. The trial court abused its discretion in quashing
the information. There was undisputed evidence showing probable
cause to believe that the defendant knowingly and wilfully lied to
the trooper about his name and age in an effort to obstruct, resist,
or oppose the trooper's attempt to maintain, preserve, and keep the
peace.

2. The resisting and obstructing statute is not unconstitutionally
vague; it puts a defendant on notice that the defendant may not act
in a knowing and wilful manner that prevents an officer from
engaging in conduct described in the statute. The element of know-
ing and wilful conduct prevents an individual from violating the
statute innocently and unintentionally and keeps law enforcement
agents from applying the law in an arbitrary or discriminatory
manner.

Reversed and remanded for further proceedings.

CRIMINAL LAW - RESISTING OR OBSTRUCTING POLICE OFFICERS —LYING TO POLICE
OFFICERS.

The statute that proscribes knowingly and wilfully obstructing,
resisting, or opposing a police officer engaged in the lawful act,
attempt, and effort to maintain, preserve, and keep the peace pro-

hibits knowingly and wilfully giving false information to a police
officer engaged in an investigation (MCL 750.479; MSA 28.747).

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *Larry J. Burdick*, Prose-
cuting Attorney, and *Risa N. Scully*, Assistant Prose-
cuting Attorney, for the people.

*Joseph T. Barberi*, for the defendant.

Before: FITZGERALD, P.J., and SAAD and WHITBECK, JJ.

PER CURIAM. The prosecution appeals the trial
court's decision to grant defendant Mark John Vas-
quez, Jr.'s, motion to quash a criminal information
charging him with resisting and obstructing a police
officer, MCL 750.479; MSA 28.747. We reverse and
remand.

### I. BASIC FACTS AND PROCEDURAL HISTORY

The State Police received a complaint about a loud
party. While investigating the party, a trooper
approached Vasquez and asked him his name and age.
Vasquez allegedly gave the trooper a false age and the
real name of a different person, who was also a
minor. Later that same evening, while being
processed ("booked") at the State Police post,
another trooper recognized Vasquez, thus revealing
his true identity.

The prosecutor charged Vasquez with resisting and
obstructing an officer pursuant to MCL 750.479; MSA
28.747, which states:

   Any person who shall knowingly and willfully obstruct,
resist or oppose any sheriff, coroner, township treasurer,
constable or other officer or person duly authorized, in
serving, or attempting to serve or execute any process, rule

or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, by law, or any rule, order or resolution made, issued, or passed by the common council of any city board of trustees, or common council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable or other officer duly authorized, while serving, or attempting to serve or execute any such process, rule or order, or for having served, or attempted to serve or execute the same, *or who shall so obstruct, resist, oppose, assault, beat or wound any of the above named officers,* or any other person or persons authorized by law to maintain and preserve the peace, *in their lawful acts, attempts and efforts to maintain, preserve and keep the peace,* shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than two years, or by a fine of not more than one thousand dollars. [MCL 750.479; MSA 28.747 (emphasis supplied).]

The trial court did not take any testimony regarding the offense. Rather, the trial court proceeded to interpret the statute to determine if it prohibited lying to a law enforcement agent, relying heavily on this Court's reasoning in *People v Philabaun*, 234 Mich App 471; 595 NW2d 502 (1999) (*Philabaun I*).

Preliminarily, the trial court noted that it was strictly construing MCL 750.479; MSA 28.747, because to do otherwise might subject Vasquez to the application of a vague law. The trial court reasoned that Vasquez did not "resist" or "oppose" arrest because that would require a physical act.[1] The trial court then

---

[1] The trial court was relying on a dictionary defining the word "resist" as "opposing actively; fight against" and defining the word "oppose" as "contending with, resisting." While relying on a dictionary to determine the plain and common meaning of words is acceptable, *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994), there is nothing about these definitions that actually required a physical act.

focused on "obstruction," which it did not consider to require a defendant to hinder an arrest with a physical act.[2] Although conceding that a false statement may sometimes constitute an "obstruction," the trial court concluded that it must hinder an investigation under *all* circumstances. Yet, according to the trial court, Vasquez' lie neither impeded the investigation into whether he had been drinking alcoholic beverages nor prevented the officers from booking him on the underlying charge even if it might have resulted in the criminal complaint misidentifying him. Thus, according to the trial court, Vasquez' alleged lie to the officer did not constitute obstruction within the meaning of the statute.

## II. LYING AS RESISTING AND OBSTRUCTING

### A. STANDARD OF REVIEW

The prosecution argues that deliberately giving a police officer a false name during an investigation constitutes the offense of resisting and obstructing an officer pursuant to MCL 750.479; MSA 28.747. Ordinarily, this Court would review a trial court's decision to quash an information solely for an abuse of discretion. *People v Hamblin*, 224 Mich App 87, 91; 568 NW2d 339 (1997). This case, however, also presents a question of law, which we review de novo. *People v Nimeth*, 236 Mich App 616, 620; 601 NW2d 393 (1999).

---

[2] The trial court, again using a dictionary, defined the word "obstruct" as "to hinder progress."

B. *PHILABAUN II*

After the trial court reached its decision in this case, the Michigan Supreme Court considered and overruled the authority on which the trial court primarily relied: *Philabaun I.* See *People v Philabaun,* 461 Mich 255, 262; 602 NW2d 371 (1999) (*Philabaun II*).[3] At issue in *Philabaun I* and *II* was whether the defendant's decision to refuse to permit the police to execute a search warrant for obtaining a blood sample was resisting and obstructing within the meaning of the statute because the defendant was polite at all times and did not physically resist the police. The majority in this Court, like the trial court in the instant case, concluded that—absent physical resistance, threats to resist physically, or other less passive and more aggressive conduct, even if only verbal—the defendant had not resisted or obstructed an officer. *Philabaun I, supra* at 475-480. Judge MURPHY, however, dissented, and the Supreme Court adopted his reasoning in *Philabaun II. Id.* at 483-488; *Philabaun II, supra* at 263.

By adopting Judge MURPHY's dissent, the Supreme Court emphasized two important principles with regard to applying the resisting and obstructing statute. First, passive or strictly verbal conduct without a physical element can constitute resisting, obstructing, or opposing an officer or other official listed in the

---

[3] We see no problem in applying *Philabaun II* to this case, even though the Michigan Supreme Court decided that case after the trial court ruled in the instant case. "The general rule is that judicial decisions are to be given full retroactive effect." *Lindsey v Harper Hosp,* 455 Mich 56, 68; 564 NW2d 861 (1997). Furthermore, Vasquez does not object to the retroactive application of *Philabaun II.* Indeed, he cites that case in his brief on appeal.

statute. *Philabaun II, supra* at 263-264. Second, whether conduct fits within the statute should be decided case by case with special attention to the facts. *Id.* Overall, the Supreme Court interpreted the statute expansively, obviating the need to provide a further definition of what constitutes resisting, obstructing, or opposing.[4] We add that the plain language of the statute requires this conduct to be done "knowingly and willfully." See *Kassab v Michigan Basic Property Ins Ass'n*, 441 Mich 433, 460; 491 NW2d 545 (1992).

In the context of this case, we interpret *Philabaun II* to mean that a prosecutor must support a criminal information charging resisting and obstructing under MCL 750.479; MSA 28.747 with competent evidence showing that there is probable cause to believe that (1) the conduct alleged, whether active or passive, obstructed, resisted, or opposed (2) any of the listed officials (3) in their described duties and (4) the alleged conduct was done knowingly and wilfully. If the evidence is deficient, meaning that it is absent or does not establish probable cause, on even one of these elements, then a trial court does not abuse its discretion by granting a defendant's motion to quash the information. See MCL 766.13; MSA 28.931; *People v Northey*, 231 Mich App 568, 574-575; 591 NW2d 227 (1998).

---

[4] We see a loose analogy between the Michigan Supreme Court's reasoning on this point in *Philabaun II* and this Court's reasoning in *People v Grayer*, 235 Mich App 737, 743; 599 NW2d 527 (1999), that the fleeing and eluding statute does not require any minimum amount of effort on the part of the defendant in order to commit that crime.

### C. APPLICATION

In this case, the very limited but undisputed evidence on the record tended[5] to show that Vasquez lied to the trooper about his name and age when the trooper asked him for that information. His act was, relatively speaking, passive. Nevertheless, it suggested that Vasquez wished to prevent the State Police from instituting any legal action against him as an individual and would actually hinder law enforcement agents from taking action against him, which fits under the broad definition of resisting, obstructing, or opposing. We see a marked similarity between the effect of saying "no" to a police request, as in *Philabaun*, and giving false and misleading information in response to a similar request by a State Police trooper; both responses presented an obstacle to the investigating law enforcement agent's attempt to discharge his legal duties.

We have no reason to believe that Vasquez did not know that he was giving someone else's name and a false age when he made the statement, that he did not know that he was giving the statement to a trooper, or that he made the statement involuntarily. Thus, there was sufficient evidence to meet the probable cause standard with regard to whether his act was knowing and wilful. Furthermore, Vasquez does not contend that a State Police trooper falls outside the

---

[5] Like the Court in *Philabaun II, supra* at 262, n 18, we are mindful that this case has not yet been tried. We look at the evidence only to see if the trial court abused its discretion by determining that there was no probable cause to conclude that Vasquez committed the crime charged, and not whether the evidence will ultimately support a finding of guilt beyond a reasonable doubt. See *Northey, supra* at 575 ("Probable cause requires a reasonable belief that the evidence presented during the preliminary examination is consistent with the defendant's guilt.").

protection of MCL 750.479; MSA 28.747 and his argument that the trooper was not acting within the scope of duties described in the statute is without merit. Here, the trooper was lawfully attempting to "maintain, preserve and keep the peace" by investigating the complaint about the party and his suspicion that Vasquez was committing the offense of being a minor in possession of alcohol, MCL 436.1703; MSA 18.1175(703). Accordingly, with evidence on each element of the offense, the trial court abused its discretion by quashing the information. *Northey, supra.*

### III. VAGUENESS

#### A. STANDARD OF REVIEW

Vasquez argues that this Court should still affirm the trial court's decision in this case because the resisting and obstructing statute does not warn that lying to the police is unlawful and the statute, therefore, is impermissibly vague. Whether a statute is unconstitutionally vague is a question of law that this Court reviews de novo. *In re Gosnell,* 234 Mich App 326, 333; 594 NW2d 90 (1999).

#### B. LEGAL TEST FOR VAGUENESS

In order to be constitutional, a penal statute must define a crime " 'with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " *People v Lino,* 447 Mich 567, 575; 527 NW2d 434 (1994), quoting *Kolender v Lawson,* 461 US 352, 357; 103 S Ct 1855; 75 L Ed 2d 903 (1983). However, a statute's con-

stitutional firmness does not rest on its text alone, but also relies on any judicial constructions of the statute. *Kolender* at 355. Furthermore, we presume that a statute is constitutional "unless the contrary clearly appears." *People v McLeod,* 407 Mich 632, 657; 288 NW2d 909 (1980).

The Michigan Supreme Court has interpreted the resisting and obstructing statute, MCL 750.479; MSA 28.747, to include verbal statements that lack a threat or physical act. *Philabaun II, supra* at 262. With that interpretation in mind, we conclude that the statute is not vague because it puts a defendant on notice that the defendant may not, essentially, act in a knowing and wilful manner that prevents an officer listed in the statute from engaging in any of the described conduct.[6] It is this element of knowing and wilful conduct that prevents an individual from violating the statute innocently and unintentionally and keeps law enforcement agents from applying the law in an arbitrary or discriminatory manner. See *People v Perez-DeLeon,* 224 Mich App 43, 48-51; 568 NW2d 324 (1997) (discussing mens rea in the context of a statute's clarity or vagueness); *Lino, supra.* Thus, the fact-specific focus in each case is on the defendant's intent as well as the actual act underlying the charge, making it sufficiently clear to a person of average intelligence that the person may not resist, obstruct, or oppose an official in the official's enumerated duties by passive or active means, including a verbal statement as in this case.[7]

---

[6] We specifically note that Vasquez does not argue that the statute is unconstitutionally vague on free speech grounds. See *Lino, supra.*

[7] We do note, however, that the statute is certainly not a model of clarity. We invite the Legislature's attention to this issue and suggest that a

## C. FOREIGN CASE LAW

If we were not already certain that *Philabaun II* requires this result, persuasive reasoning in foreign case law that interpreted resisting or obstructing statutes to prohibit giving false information to an officer would lead us to the same conclusion. See anno: *What constitutes obstructing or resisting officer, in absence of actual force*, 66 ALR5th 397, 466-477. For instance, in a case strikingly similar to the present situation, the Kansas Court of Appeals affirmed the conviction of a defendant who gave a false name in response to a question by an officer investigating a crime. *State v Latimer*, 9 Kan App 2d 728; 687 P2d 648 (1984). The court rejected the defendant's claim that the statute gave no warning that lying to an officer was prohibited. *Id.* at 734. As in the Michigan statute, the Kansas statute prohibited "obstructing, resisting or opposing" an officer in his duties. *Id.* The Kansas court deemed these terms to be "readily understandable" and not unconstitutionally vague. *Id.* As in *Latimer*, the plain language of MCL 750.479; MSA 28.747 "conveys a definite warning that the knowing obstruction of a law enforcement officer in the performance of his legal duties *by any means* is a criminal offense." *Id.* (emphasis added).

## IV. CONCLUSION

We hold that the trial court abused its discretion in quashing the criminal information because MCL

---

specific statute governing the type of conduct occurring here—giving false information to a police officer performing official duties—would certainly be an improvement over the current statutory language.

750.479; MSA 28.747 prohibits lying to a law enforcement agent in the lawful discharge of duties while attempting to maintain the peace. We also hold that this statute is not unconstitutionally vague.

Reversed and remanded for further proceedings consistent with this decision. We do not retain jurisdiction.