PEOPLE v NORTHEY

Docket No. 203878. Submitted August 12, 1998, at Grand Rapids. Decided September 18, 1998, at 9:15 A.M. Leave to appeal denied, 459 Mich 932.

James A. Northey, following a preliminary examination in the district court, was bound over for trial in the Kalamazoo Circuit Court on a charge of failing to stop at the scene of a serious personal injury accident. The circuit court, William G. Schma, J., granted the defendant's motion to quash the information, concluding that the bindover was not supported by probable cause to believe that the defendant committed the charged felony. The prosecution appealed.

The Court of Appeals *held*:

The circuit court erred in quashing the information inasmuch as the district court did not abuse its discretion in determining from the evidence presented by the prosecution that there was probable cause to believe that the defendant, while driving his van, had struck and fatally injured a bicyclist and failed to stop. The prosecution presented evidence indicating that paint chips and shards of broken plastic found at the accident scene matched the paint on the defendant's van and the van's parking light lens, that pieces of broken mirror and a car radio antenna were found at the accident scene and the defendant's van had a mirror and an antenna that looked new, that damage to the bicycle frame was consistent with the height and style of the bumper on the defendant's van, and that a smudge on the van's bumper matched the paint on the bicycle. The prosecution also presented evidence indicating that the defendant was driving his van at the time of the accident and on the street where the accident occurred. A friend of the defendant testified that the defendant escorted her from a bar to her car shortly before the estimated time of the accident and that she did not see the defendant go back to the bar. Another friend of the defendant testified that he saw the defendant's van parked in the bar's parking lot before the accident. The bar was three to five blocks away from the street where the accident occurred, and that street was in one of three routes the defendant could have taken on his way home from the bar.

Reversed and remanded for further proceedings.

1. CRIMINAL LAW — MOTIONS TO QUASH INFORMATION — APPEAL.

The Court of Appeals reviews a decision by a circuit court to grant or deny a motion to quash a felony information de novo to determine if the district court abused its discretion in ordering bindover.

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — BINDOVERS.

A district court must bind a defendant over for trial when the prosecutor presents competent evidence constituting probable cause to believe that a felony was committed and the defendant committed that felony (MCL 766.13; MSA 28.913; MCR 6.11[E]).

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — PROBABLE CAUSE.

Circumstantial evidence, coupled with inferences arising therefrom, is sufficient to establish probable cause to believe that a defendant committed a charged felony so as to be subject to a bindover after preliminary examination.

4. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — WEIGHT OF EVIDENCE — CREDIBILITY OF WITNESSES.

A district court should consider the weight of the evidence and the credibility of witnesses in determining whether to bind a defendant over for trial, but may not usurp the role of the jury; competent evidence that both supports and negates an inference that the defendant committed the crime charged raises a factual question that the district court must leave to the jury.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Stuart L. Fenton,* Assistant Prosecuting Attorney, for the people.

*Ford, Kriekard, Domeny & Byrne* (by *Richard D. Stroba*), for the defendant.

Before: SAAD, P.J., and JANSEN and HOEKSTRA, JJ.

SAAD, P.J. Defendant was charged with failure to stop at the scene of a serious personal injury accident, MCL 257.617; MSA 9.2317. After a preliminary examination, the district court bound defendant over to stand trial. Defendant moved in the circuit court to quash the information and dismiss the case on the

ground that the prosecutor lacked probable cause to charge defendant with the offense. Despite substantial evidence linking defendant to the crime, Kalamazoo Circuit Judge William G. Schma granted the motion, and the prosecutor appeals. We reverse and remand.

### FACTS AND PROCEEDINGS

Kurt Hudson was struck and killed by a motorist while riding his bicycle on Pitcher Street in Kalamazoo between 12:00 midnight and 12:25 A.M. on February 18, 1995. After several weeks of investigating the incident, Kalamazoo police officers concluded that defendant was the perpetrator. The prosecutor charged defendant with leaving the scene of an accident. At the preliminary examination, the prosecutor presented the following evidence in support of the charge.

Around 12:25 A.M., February 18, 1995, Kurt Hudson was found lying unconscious aside Pitcher Street in Kalamazoo. Police Officer Robert Christiensen observed that he was still breathing despite his blood loss and obvious skull fracture. On the basis of this observation, Christiensen estimated that the accident had taken place between midnight and 12:25 A.M. Investigators inferred that a motorist struck the victim from behind as he was riding his bike north along Pitcher Street. The individual responsible for the accident was not present at the scene when the police arrived and did not return anytime thereafter.

Shortly after Hudson was found, Officer Gerald Luedecking of the Kalamazoo Department of Public Safety Crime Lab collected trace evidence from the accident scene: fragments of broken mirror, several

paint chips, a car radio antenna, and nine shards of broken amber-colored plastic from a parking light lens. Officer Luedecking opined that this evidence could not have been present long or car traffic would have destroyed it before investigators arrived. Investigators studying this evidence determined, on the basis of research and consultation with an automotive parts manager, that the pieces probably came from a full-sized Dodge Ram conversion van, 1986-1993 model year.

Sometime before March 30, 1995, police received information suggesting that defendant's van was the van involved in the accident. A computer check revealed that defendant and his wife owned a 1987 Dodge Ram conversion van. Lieutenant VerHage and Officer Fall of the Kalamazoo Police Department visited defendant's home for further investigation. At the home, they observed that someone had covered the garage windows with towels and plastic bags, blocking the view from outside. Defendant, however, permitted Lieutenant VerHage and Officer Fall to enter and search the garage.

Once inside defendant's garage, Lieutenant VerHage determined that defendant's van could have been the van involved in the accident. He testified that (1) paint on the van matched the paint chips found at the scene, (2) the right front corner of the van showed signs of repair, (3) the parking light/headlight assembly hung loose, (4) the parking light lens appeared to have been replaced, (5) the right mirror looked cleaner than the rest of the van, except for fresh fingerprints, and (6) the antenna looked new.

Defendant maintained that his wife caused the damage to the van in a store parking lot and that the

parking light lens had not been broken. He further denied that his van was the van involved in the accident. Finally, he stated that no one, other than he and his wife, drove the van. With defendant's consent, Lieutenant VerHage seized the van, along with other evidence, including a broken piece of amber-colored plastic and paint chips found in the garage. After comparing the accident scene evidence with the garage evidence, he determined that the paint chips from both sources matched. He further determined that the plastic fragments from both sources probably came from the same piece. He also determined that the damage to the bicycle frame had been caused by a vehicle with the same height and style of bumper as defendant's van and that the damage to the bicycle aligned with the damage to the right front corner of defendant's van. Finally, Officer Luedecking testified that the color of a smudge on defendant's bumper matched the color of the paint on the bike. He was unable, however, to obtain a sample of the smudge for further analysis.

Michigan State Police Trooper Robert Birr, an expert in the comparison of trace evidence, further studied the evidence and confirmed Luedecking's conclusions. Birr's scientific analysis of the paint chips revealed that the layering of the various paint samples was sufficiently distinctive to suggest that they all came from the same source. Microscopic analysis of the various pieces of the amber-colored plastic revealed that many of the pieces found at the scene of the accident conclusively matched the piece of plastic found in defendant's garage. Lieutenant Ver-Hage determined that those pieces of plastic that failed to match the piece of plastic from defendant's

garage could have come from a different location on the parking light lens. Consequently, investigators concluded that defendant's van was the van they sought in connection with the accident.

The prosecution also presented evidence to establish that defendant was driving the vehicle at the time of the accident. Barbara and Bernard DeHeus testified that they were with defendant at a local tavern known as the "Home Bar," on the night of the accident, approximately three to five blocks from the accident scene. According to Mrs. DeHeus, she arrived at the Home Bar about 6:00 P.M. to meet her husband. On arriving, she found that defendant had joined her husband for a few beers. Although she was familiar with defendant's van from prior trips to the bar, she did not recall seeing it in the parking lot on that particular evening. She testified, however, that she had never seen him drive any other vehicle to the bar. Moreover, defendant was alone for the duration of the evening.

At approximately 8:30 to 9:00 P.M., Mr. DeHeus left the bar to return home. Before going to his car, however, he walked to his wife's car to retrieve her cigarettes. Mr. DeHeus testified that he believed he saw defendant's van in the parking lot and that he was sufficiently familiar with the van to identify it. Mrs. DeHeus remained at the Home Bar with defendant, who continued to drink beer throughout the remainder of the evening. Defendant escorted her to her car before she drove home. Mrs. DeHeus estimated that she left the Home Bar around midnight; however, her husband estimated, on the basis of the time she returned home, that she left between 9:30 and 10:00 P.M. Mrs. DeHeus did not see defendant return to the

bar after he escorted her to her car. If Mrs. DeHeus' testimony is accurate, she placed defendant near the accident scene around the time the accident occurred. The scene of the accident lies along one of the three logical routes from the Home Bar to defendant's home.

The district court concluded that this evidence established probable cause and bound defendant over for trial. The circuit court thereafter quashed the information and dismissed the case. The prosecutor appeals as of right, claiming that the circuit court erred in granting defendant's motion to quash the felony information.

### ANALYSIS

We review a circuit court's decision to grant or deny a motion to quash a felony information de novo to determine if the district court abused its discretion in ordering bindover. *People v Orzame*, 224 Mich App 551, 557; 570 NW2d 118 (1997). Here, there was no abuse of discretion by the district court. Rather, the district court had good reason to bind defendant over for trial. The serious error here was the circuit court's erroneous granting of defendant's motion to quash the information.

A district court must bind a defendant over for trial when the prosecutor presents competent evidence constituting probable cause to believe that (1) a felony was committed and (2) the defendant committed that felony. MCL 766.13; MSA 28.913; MCR 6.110(E); *People v Reigle*, 223 Mich App 34, 37; 566 NW2d 21 (1997). A district court's determination that sufficient probable cause exists will not be disturbed unless the determination is wholly unjustified by the record. *Id.*

Here, the district court's determination was far from "wholly unjustified": to the contrary, it was wholly justified.

Probable cause requires a reasonable belief that the evidence presented during the preliminary examination is consistent with the defendant's guilt. *People v Justice (After Remand)*, 454 Mich 334, 343-344; 562 NW2d 652 (1997). Circumstantial evidence, coupled with those inferences arising therefrom, is sufficient to establish probable cause to believe that the defendant committed a felony. *People v Terry*, 224 Mich App 447, 451; 569 NW2d 641 (1997). Although the district court should consider the weight of the evidence and the credibility of the witnesses in determining whether to bind the defendant over for trial, *People v Neal*, 201 Mich App 650, 655; 506 NW2d 618 (1993), it may not usurp the role of the jury. *People v Laws*, 218 Mich App 447, 452; 554 NW2d 586 (1996). Competent evidence that both supports and negates an inference that the defendant committed the crime charged raises a factual question that the district court must leave to the jury. *Neal, supra* at 655.

To establish a charge of failure to stop at the scene of a serious personal injury accident, the prosecutor must present evidence identifying the defendant as the driver of the vehicle involved. MCL 257.617(1); MSA 9.2317(1). This may be accomplished through either direct or circumstantial evidence. *Terry, supra* at 451. Here, defendant does not deny that the crime charged was committed. Rather, he argues that the prosecutor failed to present competent evidence constituting probable cause that he committed it. The record reveals, however, that the prosecutor presented substantial evidence from which it is possi-

ble to identify defendant as the driver of the vehicle that struck and killed Kurt Hudson. The investigators' testimony established that defendant's van struck Hudson, and Mrs. DeHeus' testimony established defendant's presence near the accident scene at the appropriate time. Given the abundant evidence linking defendant's van to the scene of the accident, it is reasonable to infer that, after escorting Mrs. DeHeus to her car, defendant got in his van, drove north on Pitcher to return home, hit Mr. Hudson, and left the scene. Consequently, the district court's determination that sufficient probable cause existed linking defendant to the accident is supported by the record.

The circuit court erroneously quashed the information on the ground that the district court found, as a matter of fact, that defendant was last seen at the Home Bar around 9:00 or 10:00—too early to infer that he was at the accident scene during the midnight to 12:30 window. This ruling misconstrues both the lower court record and the legal standard for bindover decisions. The district court made no such finding of fact; it commented that defendant "was in that area *at least* until 9:00 or 10:00." The district court noted that there was a conflict in the evidence with respect to the time Mrs. DeHeus left defendant in the parking lot of the Home Bar. In accordance with the law, the district court stated that this was a matter for the finder of fact and bound defendant over for trial. See *Neal, supra* at 655 (conflicting evidence should be left for resolution by the jury). The circuit court's decision was thus based on a factual misreading of the district court's statements and the legally wrong assumption that a district court may

refuse bindover because of a conflict in evidence establishing the defendant's guilt.

Defendant further argues that the evidence placing him near the scene of the accident and at the approximate time of the accident is not credible because Mrs. DeHeus is an unreliable witness. The credibility of a witness is a question for the factfinder to resolve at trial, not for the circuit court reviewing the district court's decision. *People v Harris*, 110 Mich App 636, 652; 313 NW2d 354 (1981). Even if Mrs. DeHeus' testimony were incredible, the questionable credibility of a witness does not affect the competency of the witness' testimony. See *Harris*, (holding that the fact that a witness admitted lying in a prior proceeding was irrelevant to determining whether there was sufficient evidence to uphold the defendant's conviction). The credibility of Mrs. DeHeus is irrelevant for purposes of this appeal. In sum, the district court did not abuse its discretion when it bound defendant over to stand trial on a charge of failing to stop at the scene of a serious personal injury accident. Indeed, it acted quite properly and consistent with substantial evidence.

We reverse the circuit court's erroneous order quashing the information and dismissing the case, and we remand for further proceedings. We do not retain jurisdiction.