PEOPLE v HARLAN

Docket No. 237281. Submitted August 7, 2003, at Detroit. Decided August 14, 2003, at 9:05 A.M.

Marquis L. Harlan, following a preliminary examination in a district court, was bound over for trial in the Wayne Circuit Court on charges of carrying a concealed weapon, being a felon in possession of a firearm, and possessing a firearm during the commission of a felony. The circuit court, Prentis Edwards, J., granted the defendant's motion to quash the felon in possession and felony-firearm counts of the information. The defendant pleaded guilty of carrying a concealed weapon. After the court entered its judgment of sentence, the prosecution filed an appeal as of right to challenge the dismissal of the counts of felon in possession of a firearm and felony-firearm. The Court of Appeals dismissed the appeal for lack of jurisdiction, noting that appeal from the judgment of sentence could only be by leave because the judgment was based on a guilty plea. MCR 7.203(A)(1)(b). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on rehearing granted. 466 Mich 864 (2002).

The Court of Appeals *held*:

1. The dismissal of the prosecution's appeal as of right was not erroneous. MCL 770.3(1)(d) and MCL 770.12(2)(e) clearly permit only an appeal by application for leave where the appeal arises from a final order or judgment based on a defendant's plea of guilty or nolo contendere. Likewise, MCR 7.203(A)(1)(b) precludes an appeal of right from a judgment or order of the circuit court in a criminal case in which the conviction is based on a plea of guilty or nolo contendere. Because the judgment of sentence from which the prosecution appealed was based on the defendant's guilty plea, appeal was limited to application for leave to appeal.

2. A delayed application for leave to appeal in this case is now barred by MCR 7.205(F)(3) because more than twelve months have elapsed after the entry of the order appealed from.

3. Pursuant to the authority of the Court of Appeals under MCR 7.216(A)(7) to enter any judgment or order or grant further or different relief as the case may require, the Court of Appeals treated

the prosecution's claim of appeal as if an application for leave to appeal were granted.

4. The circuit court erred in granting the defendant's motion to quash the counts of felon in possession of a firearm and felony-firearm. The statute prohibiting felons from possessing a firearm, MCL 750.224f, provides that a felon shall not possess a firearm until the expiration of three years after the person has paid all fines imposed for the felony for which the person was convicted, the person has served all terms of imprisonment imposed for the felony, and the person has successfully completed all conditions of probation or parole imposed for the felony. In this case, at the time the defendant was arrested for conduct that led to the charges of carrying a concealed weapon, felon in possession of a firearm, and felony-firearm, the defendant had a prior felony conviction for which he was sentenced to probation and ordered to pay a probation supervision fee. The prosecution, at the preliminary examination, submitted a copy of the judgment of sentence for the defendant's prior conviction showing that three years had not elapsed since the defendant's completion of probation and that the defendant had yet to pay the probation fee in full. Accordingly, probable cause to believe that the defendant committed the offenses of felon in possession of a firearm and felony-firearm existed in support of the bindover on those charges, and the circuit court erred in quashing the counts relating to those offenses.

Reversed and remanded for reinstatement of counts of felon in possession of a firearm and felony-firearm and for further proceedings.

1. CRIMINAL LAW — PLEAS OF GUILTY OR NOLO CONTENDERE — APPEAL.

A prosecutor's appeal from a judgment of sentence based on a defendant's conviction on a plea of guilty or nolo contendere, and concerning the dismissal of charges other than that of which the defendant was convicted, may not be pursued as of right and may only be pursued as an appeal by leave (MCL 770.3[1][d], 770.12[2][e]; MCR 7.203[A][1][b]).

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — APPEAL.

The Court of Appeals reviews for abuse of discretion an examining magistrate's decision regarding whether to bind a defendant over for trial; the prosecution, which is required at preliminary examination to demonstrate that a crime has been committed and that there is probable cause to believe that the defendant committed the crime, need only present some evidence with respect to each element of the offense charged or evidence from which the elements may be inferred (MCL 776.13; MCR 6.110[E]).

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael E. Duggan,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

Before: JANSEN, P.J., and NEFF and KELLY, JJ.

JANSEN, P.J. Defendant was charged with carrying a concealed weapon (CCW), MCL 750.227; felon in possession of a firearm, MCL 750.224f; and possessing a firearm during the commission of a felony, MCL 750.227b. The trial court granted defendant's pretrial motion to quash counts two and three, felon in possession of a firearm and felony-firearm. Defendant then pleaded guilty of CCW. This Court initially dismissed the prosecutor's claim of appeal because the judgment of sentence was based on a plea of guilty and therefore not appealable as of right. MCR 7.203(A)(1)(b). The prosecution is now before this Court on remand from the Supreme Court, seeking reversal of the trial court's decision quashing counts two and three. 466 Mich 864 (2002). We reverse and remand.

The prosecution first contends that this Court erred by dismissing its claim of appeal. The prosecution argues that it was not appealing defendant's guilty plea, and that an appeal of right was proper because the appeal was taken from a final order dismissing counts two and three. We disagree.

The totality of the prosecution's argument is expressed in the following paragraph taken from the prosecution's brief:

> The People are not seeking to challenge the count to which defendant pled guilty and received probation. The

People only seek to appeal the granting of the motion to quash Counts 2 and 3, and both the Information and docket entries show that there is a final judgment. MCR 7.203(A).

The mere statement of a party's position without citation of relevant authority is generally insufficient to present an issue for this Court's review. *People v Jones (On Rehearing)*, 201 Mich App 449, 456-457; 506 NW2d 542 (1993). This Court ordinarily declines to review issues for which a party has failed to provide authority, and will not search for authority to support or contradict a party's argument. *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001). Nevertheless, in this case our Supreme Court has directed this Court to consider the prosecutor's argument and we will therefore address this claim.

The issue whether the prosecutor could appeal the granting of defendant's motion to quash the charges of felon in possession of a firearm and felony-firearm, by claiming an appeal of right from the judgment of sentence, is a legal issue that involves interpretation of statutes and court rules. This Court's "purpose is to discern and give effect to the Legislature's intent." *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999). This Court examines the plain language of the statute or court rule. Where that language is unambiguous, no further judicial construction is warranted, because the Court presumes that the Legislature intended the meaning it plainly expressed. *Morey, supra* at 330.

Const 1963, art 1, § 20 provides that "[i]n every criminal prosecution, the accused shall have the right to . . . have an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the

court . . . ." Enacting that constitutional provision into law, the Legislature has provided, in relevant part, in MCL 770.3(1):

> Subject to the limitations imposed by section 12 of this chapter and except as provided in section 16, an aggrieved party shall have a right of appeal from a final judgment or trial order as follows:
>
> (a) Except as otherwise provided in subdivision (d), in a felony or misdemeanor case tried in the circuit court, there shall be a right of appeal to the court of appeals.
>
> \*  \*  \*
>
> (d) All appeals from final orders and judgments based upon pleas of guilty or nolo contendere shall be by application for leave to appeal.

In MCL 770.12, the Legislature has provided that the prosecutor has the same right to appeal of right and by leave as a defendant enjoys, so long as the right would not violate defendant's constitutional protections against double jeopardy. MCL 770.12(2)(e) extends that symmetry by providing that "[t]he people of this state may take an appeal by leave in a criminal case . . . from . . . [a] final order or judgment based upon a defendant's plea of guilty or nolo contendere."

The court rules promulgated by our Supreme Court provide in MCR 7.203(A)(1)(b) that the Court of Appeals "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . except a judgment or order of the circuit court . . . in a criminal case in which the conviction is based on a plea of guilty or nolo contendere." A final order or final judgment in a criminal case is defined by the court rules, in relevant part, as "the original sentence imposed following con-

viction." MCR 7.202(7)(b)(ii). Therefore, both a defendant and a prosecutor may appeal by right from a final judgment or order, except where the *conviction* is based on a guilty plea.

The order granting defendant's motion to quash was entered August 31, 2001. If that motion had disposed of all the charges against defendant, it would have been a final order appealable as of right.[1] MCR 7.203(A)(1). Because the order granting defendant's motion to quash disposed of less than all the charges, it was a nonfinal order and was therefore appealable only by leave. MCR 7.203(B)(1).

Perhaps, because the trial court immediately took a plea of guilty from defendant and the case did not proceed to trial, the prosecutor chose not to file an application for leave to appeal. Instead, presumably relying on our Supreme Court's admonition in *People v Torres*, 452 Mich 43, 59; 549 NW2d 540 (1996), that the prosecutor can appeal earlier, nonfinal orders in an appeal of right from a defendant's conviction, the prosecutor waited until defendant was sentenced and then claimed an appeal of right from the judgment of sentence, which, conveniently, contained the notation that counts two and three were dismissed—a reiteration of the trial court's earlier order of August 31, 2001, granting defendant's motion to quash.

---

[1] As our Supreme Court noted in *People v Goecke*, 457 Mich 442, 457 n 12; 579 NW2d 868 (1998):

A final judgment or order "puts an end to a suit or action." Black's Law Dictionary (rev 4th ed), p 979; see also Barron's Law Dictionary (3rd ed), p 257 (a final judgment or order conclusively determines the rights of the parties and disposes of the controversy before the court). See, generally, *People v Torres*, 452 Mich 43; 549 NW2d 540 (1996).

Had this case arisen from defendant's conviction at a *trial*, the prosecutor's action would have been proper. However, the final order entered because defendant *pleaded guilty*. Both MCL 770.3(1)(d) and MCL 770.12(2)(e) clearly permit only an appeal by application for leave where the appeal arises from "[a] final order or judgment based upon a defendant's plea of guilty or nolo contendere." MCL 770.12(2)(e). Likewise, MCR 7.203(A)(1)(b) precludes an appeal of right from "a judgment or order of the circuit court or recorder's court . . . in a criminal case in which *the conviction is based* on a plea of guilty or nolo contendere." (Emphasis supplied.) In each instance, the clear language of both statutes and the court rule forbid an appeal of right where the final order results from a plea of guilty.[2] This Court is required to follow the plain and unambiguous language of the statutes and the court rule. *Morey, supra* at 330. Thus, this Court did not err in dismissing the prosecution's claim of appeal and in denying the prosecution's motion for rehearing.

At the time of this Court's original dismissal, the prosecution retained the option of filing a delayed application for leave to appeal, as such applications are restricted to twelve months after the entry of the order appealed from. MCR 7.205(F)(3). Our Supreme Court has forbidden this Court to grant leave to

---

[2] There is a slight difference in wording between the statute and the court rule. The statutes forbid an appeal of right where the final order "is based upon a defendant's plea of guilty," while the court rule forbids an appeal of right of a "judgment or order" where "the conviction is based on a plea of guilty." However, with regard to the present case, the result is the same under both the court rule and the statutes. The final order was the judgment of sentence, which was based on defendant's guilty plea, and the judgment of sentence represented a conviction based on a guilty plea.

appeal on an application filed after the twelve-month cutoff, as MCR 7.205(F)(3) provides that leave on such an application "may not be granted," and none of listed exceptions apply in the present case. See MCR 7.205(F)(3), (4). Therefore, it is now too late for the prosecutor to file a delayed application for leave to appeal. Nevertheless, this Court has the authority to "enter any judgment or order or grant further or different relief as the case may require." MCR 7.216(A)(7). This Court, on occasion, has treated improperly filed claims of appeal as applications for leave to appeal and proceeded to consider the substantive issue presented on appeal. See, e.g., *Oakland Co Prosecutor v 46th Dist Judge*, 76 Mich App 318, 322; 256 NW2d 776 (1977). Our Supreme Court has ordered this Court to hear this case "as on rehearing granted." We therefore conclude that while the prosecutor did not have an appeal of right from the final order of conviction entered as a result of defendant's guilty plea, we will treat the timely, though improper, claim of appeal as an application for leave to appeal and decide the substantive issue presented.

The prosecution asserts that the presentation of testimony from the arresting officer, together with the provision of a copy of the judgment of sentence for defendant's prior conviction of possession of a fraudulent telecommunications device, established probable cause to support the charge of felon in possession of a firearm, and, hence, of the associated charge of felony-firearm.

This Court reviews for an abuse of discretion the district court's decision whether to bind a defendant over for trial. *People v Carlson*, 466 Mich 130, 136; 644 NW2d 704 (2002), citing *People v Justice (After*

*Remand)*, 454 Mich 334, 344; 562 NW2d 652 (1997); *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000), citing *People v Hamblin*, 224 Mich App 87, 91; 568 NW2d 339 (1997). Because the legal issue presented is whether the magistrate abused his or her discretion, this Court gives no deference to the circuit court's decision regarding a motion to quash a bindover order. *Hudson, supra* at 276.

The prosecutor is required to demonstrate at the preliminary examination that a crime has been committed and that there is probable cause to believe the defendant committed the crime. MCL 766.13; MCR 6.110(E). This probable cause standard is not a very demanding threshold. As our Supreme Court observed in *Justice, supra* at 344, a magistrate may bind a defendant over for trial even "while personally entertaining some reservations" regarding his guilt. It is sufficient that the prosecutor presents some evidence with respect to each element of the offense charged, "or evidence from which the elements may be inferred." *Hudson, supra* at 278, quoting *People v Selwa*, 214 Mich App 451, 457; 543 NW2d 321 (1995).

The trial court found that the prosecutor failed to establish that less than three years had elapsed since defendant "successfully completed all conditions of probation or parole imposed for the violation." MCL 750.224f.[3] The prosecutor only had to present sufficient evidence to establish each of the elements of

---

[3] MCL 750.224f provides:

(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:

(a) The person has paid all fines imposed for the violation.

the crime of felon in possession of a firearm. In effect, then, the prosecutor had to make out a prima facie case at the preliminary examination.[4]

The only disputed element was whether less than three years had elapsed from the termination of defendant's probation. To establish this element, the prosecutor submitted a copy of the judgment of sentence from defendant's prior conviction. This document indicated that on October 28, 1997, defendant was sentenced to one year's probation, with the first thirty days in jail, and ordered to pay $300 in costs, $487.15 in restitution, $120 as a probation supervision fee, and $60 as a victim's rights fee. This document inferentially established that defendant's year of probation would have terminated on October 28, 1998. Three years from that date would have been October 28, 2001. Defendant committed the crimes in this case on April 23, 2001, which is less than three years from the date his probation would have been terminated. Furthermore, the probation oversight fee was payable at $10 a month, and the payment of the entire amount would have been completed in twelve months, at the time the probation was scheduled to terminate. Thus,

---

(b) The person has served all terms of imprisonment imposed for the violation.

(c) The person has successfully completed all conditions of probation or parole imposed for the violation.

[4] In *People v Stewart*, 397 Mich 1, 6 n 1; 242 NW2d 760 (1976), on rehearing 400 Mich 540; 256 NW2d 31 (1977), our Supreme Court quoted its earlier opinion in *Stewart v Rudner*, 349 Mich 459; 84 NW2d 816 (1957), for the following definition of a prima facie case:

"A 'prima facie' case means, and means no more than, evidence sufficient to justify, but not to compel, an inference of liability, if the jury so find." [*Id.* at 474, quoting *McDaniel v Atlantic Coast Line R*, 190 NC 474, 475; 130 SE 208 (1925).]

this fact also inferentially supported the conclusion that the probation would have terminated one year from the date of sentencing.

Because defendant had to satisfy all three conditions imposed by MCL 750.224f(1) in order to qualify to possess a firearm, the fact that, at least inferentially, three years had not elapsed from the termination of his probation meant that there was at least probable cause to believe that defendant was in violation of the felon in possession of a firearm statute. See *Justice, supra* at 344; *Hudson, supra* at 278. Thus, probable cause also existed for the associated claim of felony-firearm. Because the prosecutor only had to establish probable cause to believe that defendant did not meet the statutory requirements, and the probable cause could be based on circumstantial evidence and the inferences drawn from the circumstantial evidence, the documentary evidence submitted by the prosecutor was sufficient to establish defendant's guilt for purposes of the preliminary examination. See *Hudson, supra* at 278.

Defendant claimed at the motion hearing that his probation had been terminated early, although he did not indicate when that termination occurred. Nevertheless, this assertion would serve, at best, to create a fact question that would then require the circuit court to affirm the district court's decision to bind defendant over for trial. *People v Northey*, 231 Mich App 568, 575; 591 NW2d 227 (1998) ("Competent evidence that both supports and negates an inference that the defendant committed the crime charged raises a factual question that the district court must leave to the jury."). Therefore, the trial court erred in granting defendant's pretrial motion to quash the

felon in possession of a firearm (MCL 750.224f) and felony-firearm (MCL 750.227b) counts as the prosecution presented sufficient evidence at the preliminary examination for probable cause to believe that defendant was in violation of these statutes. See MCL 766.13; MCR 6.110(E); *Justice, supra* at 34; *Hudson, supra* at 278.

Reversed and remanded for reinstatement of counts two and three, felon in possession of a firearm and felony-firearm, and for further proceedings. We do not retain jurisdiction.