# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 19, 2015

Plaintiff-Appellee,

v

No. 320032
Huron Circuit Court
LC No. 13-305667-FH

RONALD MATTHEW HARTMAN, JR.,

Defendant-Appellant.

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

BECKERING, P.J. (*concurring in part, dissenting in part*).

I agree with the well-reasoned majority opinion in all respects, save for the decision to vacate defendant's conviction for possession of methamphetamine. I would affirm.

Defendant challenges whether there was sufficient evidence to warrant a bindover as well as whether there was sufficient evidence for a rational jury to find him guilty beyond a reasonable doubt on the offense of possession of methamphetamine. "A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Bennett*, 290 Mich App 465, 479; 802 NW2d 627 (2010) (citation and quotation omitted). The purpose of the preliminary examination is for a determination of: (1) whether there is probable cause to believe that a crime was committed; and (2) whether there was probable cause to believe that the defendant committed the offense. *Id.* The prosecution need not present evidence beyond a reasonable doubt at the preliminary examination; rather, the prosecution need only establish probable cause, which involves an inquiry as to whether "a person of ordinary caution and prudence [could] conscientiously entertain a reasonable belief of the defendant's guilt." *Id.* (citation and quotation omitted). This Court has previously remarked that this "is not a very demanding threshold." *People v Harlan*, 258 Mich App 137, 145; 669 NW2d 872 (2003). "[A] prosecutor need not prove each element beyond a reasonable doubt, but must present some evidence of each element." *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009).

"[T]he presentation of sufficient evidence to convict at trial renders any erroneous bindover decision harmless." *Bennett*, 290 Mich App at 481. "Due process requires that, to sustain a conviction, the evidence must show guilt beyond a reasonable doubt." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). In determining whether there was sufficient evidence to support a conviction, this Court reviews the evidence in a light most

favorable to the prosecution to determine whether a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Id.* The prosecution may establish the elements of the offense through circumstantial evidence and reasonable inferences arising therefrom. *Id.*

Here, there was sufficient evidence presented at trial to sustain defendant's convictions; thus, even assuming error in the bindover, defendant is not entitled to relief. As defendant concedes, the prosecution presented evidence that he confessed to police that he manufactured and used methamphetamine at the house. Defendant essentially argues that because there was no methamphetamine found at the house, and in light of the flimsy other evidence, his confession alone was insufficient to establish his guilt beyond a reasonable doubt. Inherent in such a claim is that the prosecution failed to establish the *corpus delicti* rule.

It is axiomatic that a defendant's confession to the crime charged is evidence of his or her guilt. See *People v King*, 271 Mich App 235, 241; 721 NW2d 271 (2006). "The corpus delicti rule is designed to prevent the use of a defendant's confession to convict him of a crime that did not occur." *People v Konrad*, 449 Mich 263, 269; 536 NW2d 517 (1995). "The corpus delicti rule requires that a preponderance of direct or circumstantial evidence, independent of a defendant's inculpatory statements, establish the occurrence of a specific injury and criminal agency as the source of the injury before such statements may be admitted as evidence." *King*, 271 Mich App at 239 (citation and quotation omitted). The *corpus delicti* of possession of methamphetamine is that the methamphetamine existed and that someone possessed it. See *Konrad*, 449 Mich at 270. The prosecution need not present direct evidence to satisfy the corpus delicti; circumstantial evidence will suffice. *King*, 271 Mich App at 239.

The record reveals that there was sufficient circumstantial evidence to establish the *corpus delicti* in this case because there was ample evidence, absent defendant's confession, that methamphetamine existed and that it was possessed by someone, namely defendant. Thomas Conley testified at trial that he lived at the house with defendant and was familiar with methamphetamine and its manufacture. Conley testified that defendant lived in an upstairs bedroom and that he personally observed defendant making methamphetamine in the bedroom on at least five occasions during a time frame that corresponded with that set forth in the amended felony information.[1] And, as the majority opinion points out, a "methamphetamine laboratory was discovered" in defendant's bedroom.[2] A search of defendant's bedroom revealed

---

[1] It is noteworthy that the amended felony information provides a time frame of "[o]n or about 1/1/2013-2/21/2013" for the charged offenses. Hence, the prosecution did not need to prove that defendant possessed methamphetamine on the day of the search, but rather, at some point in time during the seven-week window. Although defendant questions Conley's credibility, questions of credibility are left for the trier of fact, not the appellate court. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

[2] In addition to Conley's testimony identifying the bedroom as defendant's, defendant's wallet was found in the bedroom. Furthermore, Detective Kevin Knoblock testified that he performed a "wellness check" on defendant about a month earlier and defendant came out of the same

several ingredients and instrumentalities commonly used for manufacturing methamphetamine. Trooper Harry Rice of the Michigan State Police "methamphetamine response team" testified that they found items commonly used to manufacture methamphetamine in the house, including a pill grinder, lithium batteries, plastic bottles, Coleman fuel, aluminum foil, Drano, fertilizer, coffee filters, plastic tubing, hydrochloric acid, and a package of Sudafed. Furthermore, records from pharmacies revealed that defendant had purchased several ingredients that are commonly used to manufacture methamphetamine. Sheriff's deputy Ryan Swartz, assigned to investigate the trafficking, distribution, and use of drugs throughout Huron County, testified that when he opened defendant's bedroom door during a search of the house on February 21, 2013, "he immediately had to retreat, there was a very, very strong chemical odor in the air, tough to breathe type deal," and he observed what appeared to be "a one-pot used for manufacture of meth." Michigan State Police trooper William Arndt, of the Third District Methamphetamine Response Team, described the "one-pot" method of manufacturing methamphetamine in detail. He testified that the items recovered indicated that methamphetamine was being produced. Arndt testified that they found muriatic acid. Although no methamphetamine was found at the house at the time of the search, a "one-pot" the officers recovered from defendant's bedroom tested positive for the presence of ammonia, and Arndt tested a "gas generator" that they found, which tested positive for hydrogen chloride gas; ammonia and hydrogen chloride are both produced when making methamphetamine.

The sum total of this circumstantial evidence and the reasonable inferences drawn therefrom is enough to establish, by a preponderance, the occurrence of the crime at issue, i.e., that someone had made and then possessed methamphetamine—that someone being defendant. See *Konrad*, 449 Mich at 270; *King*, 271 Mich App at 239 (the *corpus delicti* rule only requires a preponderance of the evidence). See also *Wise v State*, 321 Ga App 39, 46; 740 NW2d 850 (2013) (explaining that the concept of *corpus delicti* in regard to a controlled substance offense requires proof that the accused possessed the controlled substance; however, there is no requirement that the substance itself be produced at trial); *People v Marinos*, 260 Cal App 2d 735, 738; 67 Cal Rptr 452 (1968) ("The corpus delicti can be proved by circumstantial evidence. Guilt of possession of a narcotic may be established without introducing the narcotic in question into evidence. In other words the prosecution need not physically produce the narcotic to sustain a proper conviction of possession of narcotics.").[3]

Because there was ample circumstantial evidence to establish the *corpus delicti*, "defendant's statement may be introduced to establish the degree of guilt." *Id.* at 241. Therefore, defendant's confession could be used to establish the elements of the offense. Swartz testified that that he interviewed defendant on February 22, 2013, after defendant waived his *Miranda*[4] rights. According to Swartz, defendant admitted to making methamphetamine one

bedroom that was padlocked on February 21, 2013, which is the room where the methamphetamine laboratory was found. Finally, defendant told Knoblock that the padlocked bedroom was his.

[3] Although cases from other jurisdictions are not binding, we may utilize them as persuasive authority. *People v Jackson*, 292 Mich App 583, 595 n 3; 808 NW2d 541 (2011).

[4] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

time at that residence and he told Swartz in great detail how it was made. Detective Kevin Knoblock of the Bad Axe Police Department testified that he also interviewed defendant on February 22, 2013, after defendant waived his *Miranda* rights. According to Knoblock, defendant said that he was currently living at the house in Bad Axe and had been for two months. Defendant admitted that he had manufactured methamphetamine at the house one time. Defendant also told Knoblock the ingredients used to make methamphetamine and explained the process used to make it. Finally, defendant admitted that he had used methamphetamine a week earlier. It is axiomatic that in order to use methamphetamine, one must possess it.

Given all of the evidence admitted at trial, including defendant's confession to Swartz and Knoblock, I would conclude that there was sufficient evidence for a rational jury to find defendant guilty of possession of methamphetamine beyond a reasonable doubt. And consequently, even assuming error with regard to the bindover, defendant is not entitled to relief. *Bennett*, 290 Mich App at 481.

In sum, I dissent from the majority opinion's decision to vacate defendant's conviction for possession of methamphetamine. In all other respects, I concur with the majority decision.


/s/ Jane M. Beckering