# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

TREMEL ANDERSON,

      Defendant-Appellee.

UNPUBLISHED
November 29, 2016

No. 327905
Wayne Circuit Court
LC No. 15-001051-01-AR

Before: SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

SAAD, P.J. (*dissenting*).

I respectfully dissent.

Although a district court conducting a preliminary examination has the obligation to assess credibility, *People v Paille*, 383 Mich 621, 627; 178 NW2d 465 (1970), our Supreme Court has also cautioned magistrates "to not refuse to bind a defendant over for trial when the evidence conflicts or raises reasonable doubt of the defendant's guilt," *People v Yost*, 468 Mich 122, 128; 659 NW2d 604 (2003). The Court in *Yost* noted the "tension" between these principles, yet declined to clarify how they interplay. *Id.* at 128 n 8.

This Court reviews a district court's decision on a motion to bind a defendant over for trial for an abuse of discretion. *People v Drake*, 246 Mich App 637, 640; 633 NW2d 469 (2001). A court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Shank*, 313 Mich App 221, 227; 881 NW2d 135 (2015). Further, the district court's factual determinations are reviewed for clear error, MCR 2.613(C), and should not be disturbed unless a reviewing court is left "with a definite and firm conviction that a mistake has been made," *People v McElhaney*, 215 Mich App 269, 273; 545 NW2d 18 (1996).

A defendant is properly bound over for trial after a preliminary examination if the district court finds that a felony has been committed and there is probable cause to believe that the defendant committed the crime. *Yost*, 468 Mich at 125, citing MCL 766.13. "The probable cause standard is not a very demanding threshold." *People v Harlan*, 258 Mich App 137, 145; 669 NW2d 872 (2003). "Probable cause requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Yost*, 468 Mich at 126. Indeed, "the prosecution need not prove every element beyond a reasonable doubt, but must present some evidence of each element." *People v Redden*, 290 Mich App 65, 84; 799 NW2d 184 (2010).

-1-

Here, defendant was charged with assault with intent to commit murder, MCL 750.83, carrying a concealed weapon, MCL 750.227, felonious assault, MCL 750.82, and carrying a firearm during the commission of a felony, MCL 750.227b. As the majority correctly summarized, the testimony supplied by Michael Larkins described how defendant committed the charged crimes. However, the district court dismissed the charges against defendant solely because it concluded that Larkins was not credible. I disagree with the majority's view that the court provided "several reasons" for finding Larkins not credible. The court essentially relied on one reason—the fact that Larkins repeatedly referenced a desire, during his encounter with defendant, to get his Christmas gifts that were in the trunk of defendant's vehicle. The court found this behavior inconsistent with one who was being threatened with a gun and stated:

> This young man wants me to believe that somebody had a gun on him; they pulled the car over; he asked to get out; but he wanted his Christmas gifts.
>
> He is afraid because this person had threatened to kill him and they're pointing a gun at him, but he wants to get his Christmas gifts for his family.
>
> * * *
>
> There's no witness, other than this young man, who is just all over the place everywhere and although he's claimed that this gun was pulled out, I'm just going to tell you, I am having a hard time believing that his life was at stake and we have no tape of the 911 call that supports that he felt that he was in danger.
>
> * * *
>
> He still wants to get his Christmas gifts. He still sits in the car negotiating . . . for [the] Christmas gifts.

But for his reference to the Christmas gifts, it seems that the court would have found Larkins credible. I have a definite and firm conviction that the district court erroneously found Larkins not credible based on his testimony related to these Christmas gifts. I believe that Larkins' testimony presented a question of fact for the jury to decide. Simply because the district court thought that a person who was confronted with a pointed gun would have behaved differently does not mean that the events as Larkins described did not happen. The district judge relied on her own life experiences when it made this determination. But a jury, with varied and different life experiences, may disagree. Further, Larkins' testimony shows that his mentioning of the Christmas gifts all occurred while he was sitting in the car with defendant *before she allegedly tried to pull the trigger.* Thus, assuming that the district court was correct that Larkins did not truly feel threatened while sitting in the car, that feeling clearly changed once defendant allegedly attempted to pull the trigger, which caused Larkins to run away. There is no evidence that Larkins continued this "preoccupation" with negotiating for the Christmas gifts after defendant initially unsuccessfully pulled the trigger nor after she successfully fired several shots as Larkins ran away. Simply put, while Larkins' focus on Christmas gifts may have provided

some insight into what he was thinking and feeling *at that time*,[1] the crucial events (the failed attempt and subsequent successful firings of the gun) happened *after his gifts discussion with defendant*.

I also would note that, as the prosecutor argued at the district court, while Larkins' testimony at times lacked focus and delved into irrelevant areas, it was at least consistent. That is, he did not deviate from his claims related to the gun. And I further question the district court's decision to not grant the prosecution's request for an adjournment once the court found the sole witness not credible. Such harsh action suggests that the court was not willing to consider that Larkins was telling the truth.

Therefore, while district courts can assess credibility, they must be careful not to do so in a manner that usurps the role of the jury. When a court declines to bind a defendant over based on a finding that a witness was not credible, the court must be able to point to concrete deficiencies in the testimony or some other compelling circumstances, otherwise such credibility determinations tend to intrude on the province of the jury. Here, I believe that the district court clearly erred when it based its credibility determination on Larkins' perceived preoccupation with the Christmas gifts; thus, it necessarily abused its discretion when it failed to bind defendant over for trial. The trial court did not point to any inconsistencies in the victim's account, nor to any evidence of a history of false accusations. Indeed, the trial court did not make any record of objective facts to support her credibility determinations. By making this ruling simply because she did not believe the victim's account, the trial judge usurped the role of the prosecutor and the jury.

Furthermore, if our Court were to take the approach suggested by the majority, then no credibility determination at a preliminary examination could ever be reviewed, regardless of how unsubstantiated or whimsical it was. While I acknowledge that deference must be given to a district court's credibility determinations, this does not mean that such determinations must automatically be upheld. For example, the majority presumably would accept a district court's finding that a witness was not credible even if the court provided *no reasons* for its finding or if its rationale was *patently spurious*.[2] This causes me grave concern. If there is to be a thoughtful

---

[1] Larkins testified that, after defendant pulled the car over, this discussion lasted anywhere from five to seven minutes. During this somewhat lengthy discussion, Larkins may have unreasonably/erroneously assessed the situation and believed that defendant would not actually pull the trigger, which caused him to delve into more mundane issues, such as the gifts. Or, perhaps, this was his way of distracting defendant from her anger toward Larkins.

[2] For example, if a district court stated that it found the complaining witness at a preliminary examination not credible because the witness was a Capricorn, I would think that a reviewing court would not be bound by that determination and could easily rule that the finding is clearly erroneous. A more grounded example would be if the district court failed to find a victim credible because the victim was not terribly literate, sophisticated, or articulate. Indeed, the witness may be unattractive in many ways, but, as in our case, if nothing the witness says is

balance between the tensional principles of allowing a jury to decide cases and allowing a district court to make credibility determinations at a preliminary examination, see *Yost*, 468 Mich at 128, then appellate review must ensure that there is something more to support the district court's determination than a simple recitation that the court does not believe the victim. The majority's fear that this Court would be substituting its judgment for that of the district court, which had the opportunity to observe the witnesses, is misguided. I am not suggesting a de novo review, where this Court could simply substitute its judgment; instead, I believe the ubiquitous clear-error standard of review that this Court implements for the review of virtually every other factual finding made by a court provides the proper amount of deference and protection to alieve any concerns. Had the district court made a record of objective factors that called into question the victim's testimony, then I would likely conclude that there is record evidence to support its credibility determination.

Moreover, by the simple expedient of the district judge saying "I don't believe the victim" and thus dismissing the case, the judge has virtually overruled the prosecutor's decision to proceed, denied the victim a chance at justice in our criminal justice system, and has displaced the jury as the proper actor in this drama to make the ultimate decision on innocence or guilt. This is much too high a price to pay at the altar of deference to the trial judge. Indeed, a terribly high price to pay, particularly where, as here, there is no finding on the record by the district court to support its supposition that the victim is lying.[3]

Accordingly, I would reverse and remand for entry of an order to reinstate the charges against defendant and to bind defendant over for trial.

/s/ Henry William Saad

---

contradicted by anyone or anything and the testimony is consistent, the testimony should be accepted absent other indicia of unreliability.

[3] I stress that my position throughout this opinion solely pertains to credibility determinations made at a preliminary examination. Although some of my points may nonetheless apply to credibility determinations in other contexts, such as a trial court acting as a finder of fact in a bench trial, these other contexts do not implicate the competing principles that are unique to a preliminary examination. See *Yost*, 468 Mich at 128.