# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

NICHOLAS RYAN CHRISTENSEN,

      Defendant-Appellee.

UNPUBLISHED
February 20, 2018

No. 336158
Wayne Circuit Court
LC No. 16-007270-01-FH

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

The circuit court dismissed charges of criminal sexual conduct perpetrated by force levied against defendant for sexually assaulting his intoxicated house guest. The prosecution aptly contends that the victim's testimony established probable cause to believe that defendant effectuated his crime by force. Based on the evidence presented at the preliminary examination, we reverse and remand for further proceedings.

## I. BACKGROUND

The victim testified at the preliminary examination that defendant sexually assaulted her in the early morning hours of July 10, 2016. The victim had become intoxicated on alcohol and marijuana while socializing with defendant and his girlfriend in their home. Afterward, the victim fell asleep on a couch located in the master bedroom. The victim described that as she was on the verge of sleep, defendant entered and whispered in her ear, "You know you want to fuck me. Just shake your head yes or no." The victim pretended to be asleep and ignored defendant's invitation. Defendant was undeterred and rubbed something against the victim's mouth. Although her eyes were closed, the victim believed defendant rubbed his penis against her. The victim responded by rolling over and facing the back of the couch. She testified that she did not attempt to leave because she was too intoxicated.

Defendant returned a short time later. The victim described that defendant laid on top of her and pulled down her shorts and underwear. Defendant tried to insert his penis into the victim's vagina and she attempted to slip away and roll off the couch. Defendant's weight pinned her in place, however, preventing her escape. Defendant then penetrated the victim's vagina and proceeded to effectuate his plan. On direct examination, the victim asserted that defendant flipped her over at some point and penetrated her anus with his penis. On cross-examination, the victim testified that defendant penetrated only her vagina. She consistently

-1-

testified, however, that defendant apologized afterward. The victim said nothing during this encounter. The victim fell asleep after the assault. When the victim awoke in the morning, she was sober enough to call a friend to come pick her up. She snuck away while defendant, his girlfriend, and their two children slept on a pull-out couch in the living room.

The prosecution charged defendant with two counts of third-degree criminal sexual conduct (CSC-3) under MCL 750.520d(1)(b) (sexual penetration accomplished by force or coercion) and one count of CSC-4 under MCL 750.520e(1)(b) (sexual contact accomplished by force or coercion). The district court bound defendant over for trial as charged.

Defendant filed a motion to quash the information in the circuit court, arguing that the victim's testimony did not support the element of force or coercion. The circuit court dismissed the CSC-3 charges, noting that the victim did not testify that she was restrained and did not tell defendant to stop. In dismissing the CSC-4 charge, the court determined that the victim could not definitively assert that defendant rubbed his penis against her mouth as her eyes were closed. The prosecutor now appeals.

## II. ANALYSIS

We review for an abuse of discretion a circuit court's decision to quash a criminal information and review de novo any underlying questions of statutory interpretation. *People v Lemons*, 299 Mich App 541, 545; 830 NW2d 794 (2013). To bind a defendant over for trial, "the prosecutor must establish probable cause, which requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt on each element of the crime charged." *People v Yamat*, 475 Mich 49, 52; 714 NW2d 335 (2006) (quotation marks and citations omitted). The prosecutor must establish "probable cause to believe that a crime was committed" and "that the defendant committed it." *People v Cohen*, 294 Mich App 70, 74; 816 NW2d 474 (2011) (quotation marks and citations omitted). Dismissal is appropriate only when no "inference may be drawn establishing the elements of the crime charged" based on the evidence presented. *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003).

The probable cause standard to bind over a defendant for trial "is not a very demanding threshold." *People v Harlan*, 258 Mich App 137, 145; 669 NW2d 872 (2003). "[A] magistrate may bind a defendant over for trial even while personally entertaining some reservations regarding his guilt. It is sufficient that the prosecutor presents some evidence with respect to each element of the offense charged, or evidence from which the elements may be inferred." *Id*. (quotation marks and citations omitted). "[C]harges should not be dismissed merely because the prosecutor has failed to convince the reviewing tribunal that it would convict. That question should be reserved for the trier of fact." *People v Perkins*, 468 Mich 448, 452; 662 NW2d 727 (2002).

The prosecutor charged defendant with two counts of CSC-3 under MCL 750.520d(1)(b), which provides:

A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist:

* * *

(b) Force or coercion is used to accomplish the sexual penetration. Force or coercion includes but is not limited to any of the circumstances listed in [MCL 750.520b(1)(f)(*i*) to (*v*)].

"Force or coercion" is defined in MCL 750.520b(1)(f) as including "but not limited to":

(*i*) When the actor overcomes the victim through the actual application of physical force or physical violence.

* * *

(*v*) When the actor, through concealment or by the element of surprise, is able to overcome the victim.

The prosecutor also charged defendant with one count of CSC-4 under MCL 750.520e(1)(b), which similarly provides for a conviction if the defendant "engages in sexual contact with another person" through the use of "force or coercion."

The only element at issue in this case is force. "The existence of force or coercion is to be determined in light of all the circumstances" and is not limited to violent situations. *People v Crippen*, 242 Mich App 278, 282-283; 617 NW2d 760 (2000). Force can involve "strength or power exerted upon an object." *People v Premo*, 213 Mich App 406, 409; 540 NW2d 715 (1995). "A victim need not resist the actor" to support charging a defendant with CSC. MCL 750.520i. Furthermore, "Michigan case law has consistently held that 'force or coercion' is not limited to the examples listed in the statute and that each case must be examined on its own facts." *Crippen*, 242 Mich App at 282-283 n 2.

In *People v Carlson*, 466 Mich 130, 140; 644 NW2d 704 (2002), the Supreme Court held that the force required under the CSC statutes is the "force to allow the accomplishment of sexual penetration when absent that force the penetration would not have occurred." Stated differently, the force

does not encompass nonviolent physical interaction in a mechanical sense that is merely incidental to an act of sexual penetration. Rather, the prohibited "force" encompasses the use of force against a victim to either induce the victim to submit to sexual penetration or to seize control of the victim in a manner to facilitate the accomplishment of sexual penetration without regard to the victim's wishes. [*Id*.]

In this case, the victim testified that she pretended to be asleep in an attempt to deter defendant's advances. She was not actually asleep, however, and therefore charges would have been inappropriate under MCL 750.520d(1)(c) and MCL 750.520e(1)(c), proscribing sexual activity with a person unable to consent due to being "mentally incapable, mentally

incapacitated, or physically helpless." Defendant was undeterred and laid on top of the victim. According to the victim, she attempted to roll away and slide off the couch but defendant's weight held her down. The evidence was sufficient to create probable cause to believe that defendant used the force of his weight to take control of the victim and accomplish the unwanted sexual penetration. The circuit court therefore abused its discretion in dismissing at least the first CSC-3 charge.

The second CSC-3 charge was based on defendant's penetration of the victim's anus. The victim testified that defendant flipped her over against her will and penetrated her anus with his penis. The victim provided conflicting testimony at the preliminary examination regarding whether this penetration actually occurred. "Competent evidence that both supports and negates an inference that the defendant committed the crime charged raises a factual question that the district court must leave to the jury." *People v Northey*, 231 Mich App 568, 575; 591 NW2d 227 (1998). The circuit court should have left this issue for the jury's resolution and abused its discretion in dismissing the second CSC-3 charge as well.

The prosecutor also presented sufficient evidence to support the CSC-4 charge. Contrary to the circuit court's determination, the victim's testimony was not too speculative to support the charge. Victims are often required to testify about their perception of events that they cannot see. A blindfolded victim or a victim attacked in the dark must testify based on her perception from her other senses. So too here. The victim kept her eyes closed in an attempt to deter defendant. While her eyes were closed, the victim felt something touch her lips. She believed this object to be a penis, and as defendant was the only other person in the room, she assumed the penis belonged to him. While the victim could not be certain that defendant touched her mouth with his penis, this uncertainty goes to credibility and not admissibility of the testimony. See *Lombardi v William Beaumont Hosp*, 199 Mich App 428, 435; 502 NW2d 736 (1993) (holding that a party's "potential to misperceive events is relevant to the weight or credibility of his testimony, not its legal competence or admissibility"). The victim's testimony was sufficient to support sending the CSC-4 charge to trial.

Moreover, the victim's testimony created probable cause to believe that defendant made sexual contact by force or coercion. The victim described that defendant asked for her consent for sexual activity and she did not give it. Even so, defendant proceeded to place his penis on her lips. "Force or coercion" may also be established by evidence that a defendant "achieves the sexual contact through concealment or by the element of surprise." MCL 750.520e(1)(b)(*v*). Here, the victim's eyes were closed and a jury could infer that defendant believed the victim to be asleep. Under these circumstances, defendant's act would also be accomplished through concealment or surprise.

We reverse and remand for further proceedings. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle