# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAMES LYNN JOHNSON,

      Defendant-Appellant.

UNPUBLISHED
March 17, 2016

No. 325120
Kent Circuit Court
LC No. 13-008834 - FH

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant, James Lynn Johnson, appeals as of right his convictions, following a jury trial, of third-degree fleeing and eluding, MCL 750.479(a)(3), felon-in-possession of a firearm, MCL 750.224f, possession of a loaded firearm in a vehicle, MCL 750.227c, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, operating with a suspended license, MCL 257.904(1), and operating while intoxicated, MCL 257.625(1)(a). The trial court sentenced Johnson as a third-offense habitual offender, MCL 769.11, to serve 3 years, 6 months to 10 years' imprisonment for fleeing and eluding, 3 years, 6 months to 10 years' imprisonment for felon-in-possession, 2 years, 6 months to 4 years' imprisonment for possessing a loaded firearm in a vehicle, 12 months in jail for operating while his license was suspended, 93 days in jail for operating while intoxicated, and a consecutive term of 2 years' imprisonment for his felony-firearm conviction. We affirm.

## I. FACTUAL BACKGROUND

According to City of Grand Rapids Police Officer Philip Nevins, he was monitoring traffic on August 7, 2013, at about 10:00 p.m. from his parked, semi-marked police vehicle when he observed a blue Chrysler Pacifica playing music well above the volume limit of the city's evening noise ordinance. His police car was a blue Crown Victoria that did not have markings on its sides, but it had grill, mirror, and visor lights. Officer Nevins pulled out of his parked location to stop the Pacifica, activating his red and blue flashing lights and his strobe lights. The Pacifica turned west on a residential street with a speed limit of 25 miles an hour. The Pacifica began to slow down and Officer Nevins, who was wearing a police uniform, saw Johnson, the driver, turn to look at him from about 20 to 25 feet away. Johnson suddenly accelerated his car to somewhere between 35 and 45 miles per hour and abruptly turned left. Officer Nevins did not pursue him because of department policy, but did radio a description of the car to dispatch.

-1-

Johnson testified that he was driving his girlfriend's blue Pacifica and playing music loudly. He knew that his license was suspended and he was drinking at his home before he drove. According to Johnson, he saw lights activate on a vehicle behind him. When asked if he stopped for the police officer, Johnson testified, "Well, this—no, not to a complete stop, no." He admitted that he started slowing down but decided to drive away.

About 30 seconds after Officer Nevins radioed a description of the car, other officers informed him that they located the Pacifica a few blocks away. Officer Nevins found Johnson walking on the street. While Officer Nevins initially testified that he believed Johnson was intoxicated and he smelled of alcohol, defense counsel impeached Nevins with a police report in which he reported that Johnson did not smell of alcohol. Officers later determined that Johnson had a blood alcohol content of 0.21.

According to Officer Robert Zabriskie, he investigated Johnson's flight path after Johnson was arrested to see if he could find evidence or witnesses. Officer Zabriskie talked with Lucinda Lopez on the front porch of her home. Lopez was not fluent in English, but with two of her neighbor's children acting as interpreters, Lopez told Officer Zabriskie that a blue vehicle drove very quickly past her home and threw a bag out of the window. At trial, Lopez testified that she saw the driver of the blue vehicle throw a bag from the driver's side window, and the bag landed in the middle of the street.

Officer Zabriskie found a bag in the street that contained a box of shotgun shells. Some shells were scattered in the street around the bag, consistent with it having been thrown from a moving vehicle. He later found a loaded 12-gauge shotgun in the middle of the street a short distance up the road. Johnson denied having a loaded shotgun or shells in his vehicle.

## II. HEARSAY

In his pro se brief filed pursuant to Michigan Supreme Court Order 2004-6, Standard 4, Johnson contends that Officer Zabriskie's testimony about what Lopez told him was improper hearsay. We disagree.

This Court reviews preserved challenges to the admission of hearsay for an abuse of discretion. *People v Snider*, 239 Mich App 393, 419; 608 NW2d 502 (2000). The trial court abuses its discretion when its outcome falls outside the range of principled outcomes. *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007).

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is generally inadmissible, unless it is subject to a hearsay exception. MRE 802. However, both the United States and Michigan constitutions protect a defendant's right to confront the witnesses against him or herself. US Const, Am VI; Const 1963, art 1, § 20. The improper admission of hearsay may implicate the defendant's state and federal constitutional rights. *People v Dendel (On Second Remand)*, 289 Mich App 445, 452-453; 797 NW2d 645 (2010). See *Crawford v Washington*, 541 US 36, 50-51; 124 S Ct 1354; 158 L Ed 2d 177 (2004). When the evidentiary error is preserved, nonconstitutional error, we presume that the error is harmless unless it appears from an examination of the entire record that it is more

probable than not that the error was outcome determinative. *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999).

In this case, the trial court allowed Officer Zabriskie to testify about Lopez's statements on the basis that they explained why he began searching the street. The trial court also instructed the jury that it could not consider Officer Zabriskie's testimony about what Lopez told him as substantive evidence. "An out-of-court statement introduced to show its effect on a listener, as opposed to proving the truth of the matter asserted, does not constitute hearsay under MRE 801(c)." *People v Gaines*, 306 Mich App 289, 306-307; 856 NW2d 222 (2014). We conclude that the trial court's decision to allow Officer Zabriskie to testify about what Lopez told him did not fall outside the range of principled outcomes.[1]

Johnson also contends that admission of this evidence violated his right to confrontation. However, trial counsel did not object on this ground below. An objection on one ground does not preserve a challenge to an issue on another ground. *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004). Accordingly, we will review Johnson's confrontation argument for plain error affecting his substantial rights. See *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011).

The Confrontation Clause prohibits the use of out-of-court testimonial statements to prove the truth of a matter asserted. *Crawford*, 541 US at 68. However, "a statement offered to show the effect of the out-of-court statement on the hearer does not violate the Confrontation Clause." *People v Chambers*, 277 Mich App 1, 10-11; 742 NW2d 610 (2007). As previously discussed, in this case, Officer Zabriskie's testimony was not offered to prove the truth of Lopez's statements. Lopez herself testified about her statements. Additionally, that Officer Zabriskie received Lopez's statements through neighbor children had no effect on Johnson's right to confrontation. An interpreter is not generally an additional declarant. See *People v Jackson*, 292 Mich App 583, 595-596; 808 NW2d 541 (2011). We conclude that the trial court did not plainly err by violating Johnson's right to confrontation.

III. SUFFICIENCY OF THE EVIDENCE

A claim that the evidence was insufficient to convict a defendant invokes that defendant's constitutional right to due process of law. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992); *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970). Thus, this Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt. *Id* at 9.

---

[1] Additionally, we note that Lopez testified that she saw the driver of a blue vehicle throw a bag out of the window. Officer Zabriskie's testimony on this point was not outcome determinative.

-3-

First, Johnson contends through counsel that there was insufficient evidence that Officer Nevins was sufficiently identified as a police officer and that Johnson attempted to avoid capture under his fleeing and eluding conviction. We disagree.

Two elements of fleeing and eluding require a defendant to know that the officer involved is a law-enforcement officer:

(1) the law enforcement officer must have been in uniform and performing his lawful duties and his vehicle must have been adequately identified as a law enforcement vehicle, (2) the defendant must have been driving a motor vehicle, (3) the officer, with his hand, voice, siren, or emergency lights must have ordered the defendant to stop, (4) the defendant must have been aware that he had been ordered to stop, (5) the defendant must have refused to obey the order by trying to flee from the officer or avoid being caught, which conduct could be evidenced by speeding up his vehicle or turning off the vehicle's lights among other things, and (6) some portion of the violation must have taken place in an area where the speed limit was thirty-five miles an hour or less, or the defendant's conduct must have resulted in an accident or collision, or the defendant must have been previously convicted of certain prior violations of the law as listed in MCL 750.479a(3)(c). [*People v Grayer*, 235 Mich App 737, 741; 599 NW2d 527 (1999).]

Whether an officer was adequately identified depends on the facts of each case. *People v Green*, 260 Mich App 710, 719 n 3; 680 NW2d 477 (2004). This Court will not interfere with the trier of fact's role to determine the weight of the evidence or the credibility of the witnesses. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Circumstantial evidence and reasonable inferences arising from that evidence can sufficiently prove the elements of a crime, including the defendant's knowledge or intent. *Id*. at 622.

We conclude that sufficient evidence supported the jury's finding that Johnson knew Officer Nevins was a law-enforcement officer. Officer Nevins testified that he was in a semi-marked car that included red and blue flashing lights and strobe lights and was wearing a police uniform. According to Officer Nevins, Johnson initially began to slow down, but then looked at Nevins, sped up to 35 to 45 miles per hour in a 25 mile per hour zone, and abruptly turned left. Johnson testified that he did not fully stop and decided to continue driving. This evidence was sufficient to support the jury's findings that Officer Nevins's vehicle was sufficiently identified, Johnson knew Officer Nevins was a police officer attempting to effectuate a lawful stop, and that Johnson took evasive action to avoid capture.

Second, Johnson contends that there was insufficient evidence of his possession of the shotgun to support his firearms-related convictions. Again, we disagree.

Johnson primarily contends that there was a lack of competent evidence linking him to the shotgun that Officer Zabriskie found in the street. "Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). Circumstantial evidence and direct evidence are equally competent. *Zolton v Rotter*, 321 Mich 1, 8; 32 NW2d 30 (1948).

-4-

In this case, Lopez testified that she saw someone throw a bag from a blue vehicle that traveled past her house. According to Officer Zabriskie, Johnson was driving a blue vehicle and was stopped a short distance away. Officer Zabriskie discovered a bag of shotgun shells in the street in front of Lopez's house. Some of the shotgun shells were scattered, consistent with someone throwing a bag from a moving vehicle, and he also discovered a loaded shotgun a short way down the street. The street was not very busy at that time, and Officer Zabriskie blocked off the street to preserve the evidence. Viewing the evidence in the light most favorable to the prosecution, we conclude that there is sufficient circumstantial evidence from which a rational juror could find beyond a reasonable doubt that Johnson possessed the shotgun.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his pro se brief, Johnson contends that the trial court was ineffective for impeaching witnesses instead of moving to exclude testimony that Johnson characterizes as false and perjured. We disagree.

A criminal defendant has the fundamental right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984). A defendant must move the trial court for a new trial or evidentiary hearing to preserve the defendant's claim that his counsel was ineffective. *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). When the trial court has not conducted a hearing to determine whether a defendant's counsel was ineffective, our review is limited to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

To prove that his defense counsel was not effective, the defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defendant. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). The defendant must overcome the strong presumption that defense counsel's performance constituted sound trial strategy. *Unger*, 278 Mich App at 242. How counsel questions witnesses and what evidence to present are matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

In *People v Odom*, 276 Mich App 407, 416; 70 NW2d 557(2007), the defendant claimed "that he was denied effective assistance of counsel by his counsel's failure to object to false testimony given by various witnesses." This Court held that "one cannot object simply because one *thinks* a witness is lying," and counsel is "not ineffective for failing to object to testimony on this basis." *Id.*

In this case, Johnson has not demonstrated that defense counsel's decision to impeach the officers regarding their inconsistent testimonies instead of accusing the officers of perjury was unreasonable. Our review of the record indicates that defense counsel ably handled the officers' inconsistent testimony. Defense counsel had no basis to challenge the testimony as perjured simply because it was inaccurate. See *id*. at 416. Instead, counsel properly challenged the witnesses' credibility by impeaching them with their prior, inconsistent statements. We conclude that Johnson has not demonstrated that counsel's strategy for presenting evidence and questioning the witnesses was unreasonable.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray