# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 11, 2018

v

VICTOR MINGYUE YEE,

Defendant-Appellant.

No. 333920
Oakland Circuit Court
LC No. 2015-256669-FH

Before: STEPHENS, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of third-degree fleeing and eluding a police officer (fleeing and eluding), MCL 257.602a(3). Defendant was sentenced, as a third habitual offender, MCL 769.13, to 365 days in jail. We affirm.

This case arises from a car chase that occurred on November 10, 2014. At approximately 5:00 p.m. that evening, Troy Police Department Officer Russell Barrows was conducting a patrol in Troy, Michigan, when he observed defendant driving a dark green or black vehicle traveling at approximately 50 miles per hour, in an area where the speed limit was 25 miles per hour. Officer Barrows activated his emergency lights and siren, but Defendant continued driving. Officer Barrows pursued defendant through three subdivisions before ultimately terminating the pursuit.

On November 11, 2014, Troy Police Department Officer Patrick McWilliams was driving through the subdivision area where Officer Barrows's pursuit had occurred. Officer McWilliams had been informed to look for a Subaru WRX with a hood scoop, and found a black Subaru fitting that description parked on the street on Shady Creek Drive. Officer McWilliams waited down the street, and when the Subaru's headlights turned on and it began to move, he initiated a traffic stop and arrested defendant.

On appeal, defendant argues that the evidence presented at trial was insufficient to convict him of fleeing and eluding because Officer Barrows was not driving a proper law enforcement vehicle, but was driving an evidence technician vehicle, which an average citizen would not think capable of making traffic stops. We disagree.

A challenge to the sufficiency of evidence in support of a criminal conviction is a question of law reviewed de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). This Court reviews the evidence in the light most favorable to the prosecution to

-1-

determine whether rational jurors could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (citation omitted). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (citation omitted).

To sustain a conviction for third-degree fleeing and eluding, there must be evidence that (1) a law enforcement officer was in uniform with an adequately identified law enforcement vehicle and was performing his lawful duties, (2) the defendant was driving a motor vehicle, (3) the officer ordered the defendant to stop by hand, voice, siren, or emergency light, (4) the defendant was aware of the order, (5) the defendant refused to obey by trying to flee, and (6) some portion of the violation took place in an area where the speed limit was 35 miles per hour or less. MCL 257.602a(3); *People v Grayer*, 235 Mich App 737, 741; 599 NW2d 527 (1999), citing MCL 750.479a(3).[1]

Here, Officer Barrows was conducting a patrol, dressed in full uniform, and driving a Ford Explorer bearing Troy Police Department markings, emergency lights, and sirens. Officer Barrows observed defendant driving a dark green or black vehicle. Officer Barrows activated his emergency lights three times, and his siren twice. Defendant, at one point, drove over a curb, and around Officer Barrows's vehicle, which had its emergency lights and sirens activated, before defendant drove away. The speed limit in the area was 25 miles per hour. Under these circumstances, there was sufficient evidence presented at trial to support defendant's fleeing and eluding conviction.

Defendant argues that the evidence was insufficient to support the first element of the charged offense because Officer Barrows was not driving a proper "law enforcement vehicle," but was driving an evidence technician vehicle, which an average citizen would not think capable of making traffic stops. However, the record contains sufficient evidence to allow a reasonable jury to conclude that the first element was satisfied. Officer Barrows was conducting a patrol, dressed in full uniform, and driving eastbound on Beldale Drive in Troy, Michigan in a Ford Explorer bearing Troy Police Department markings, emergency lights, and sirens. Although Officer Burrows testified that he could not recall whether that particular vehicle had an overhead light bar, or lights inside the windows, he was able to recall that it had red and blue strobe lights. Additionally, video footage recorded by the dashboard camera on Officer Barrows's vehicle showed that Officer Barrows activated his red and blue emergency lights during the pursuit. Accordingly, when viewed in the light most favorable to the prosecution, the evidence was sufficient to allow a reasonable jury to find that Officer Barrows was lawfully performing his duties in uniform and in an adequately identified vehicle, satisfying the first element.

---

[1] When this Court decided *Grayer*, fleeing and eluding was proscribed by MCL 750.479a. Substantively identical language now appears in MCL 257.602a.

Defendant also argues that the circuit court committed error requiring reversal when it reversed the district court's decision to grant defendant's motion to suppress the identification and dismissed the case. We disagree.

In relation to a motion to suppress identification evidence, this Court reviews the district court's decision regarding the admission of the identification evidence for clear error, and reviews relevant issues of law de novo. *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *Id.*

In a pretrial motion, defendant moved to suppress the identification evidence. The district court granted defendant's motion, reasoning that under *People v Cotton*, 38 Mich App 763; 197 NW2d 90 (1972), the photographic identification was inadmissible. The district court found that here, like in *Cotton*, defendant was released from custody the day before the photographic lineup was administered, and that under such circumstances, defendant was entitled to have an attorney present at the photographic lineup. Because defendant was denied that right, the photographic lineup was not admissible. The district court found that the photographic lineup was not unnecessarily suggestive, but there was no basis for Officer Barrows's in-court identification because the majority of the applicable factors weighed against such a finding. The prosecution filed a motion for reconsideration, which the district court denied, and the charge against defendant was dismissed.

The prosecution appealed to the circuit court, which vacated the district court's order of dismissal and remanded the matter to the district court. The circuit court found that this case was not factually similar to *Cotton*, defendant's right to counsel did not extend to the photographic lineup, and therefore, defendant had suffered no due process violation. Additionally, the circuit court found that the photographic lineup was not unnecessarily suggestive, and that Officer Barrows's testimony provided a sufficient basis for an in-court identification of defendant. Accordingly, the circuit court vacated the district court's order of dismissal, and remanded to the district court for further proceedings.

On appeal, defendant advances three arguments why the circuit court committed error requiring reversal when it reversed the district court's decision to grant defendant's motion to suppress the identification and dismissed the case. Each argument is examined in turn.

First, defendant argues that he had a right to have an attorney present during the photographic lineup. We disagree.

"In the case of photographic identifications, the right of counsel attaches with custody." *People v McCray*, 245 Mich App 631, 639; 630 NW2d 633 (2001) (citation omitted). A defendant "is entitled to counsel at a precustodial investigatory photographic lineup only when the circumstances underlying the investigation and the lineup are unusual." *People v Lee*, 243 Mich App 163, 182; 622 NW2d 71 (2000) (quotation marks and citation omitted). This Court has defined "unusual" in this context as either (1) "where the witness has previously made a positive identification and the clear intent of the lineup is to build a case against the defendant," or (2) circumstances such as those presented in *Cotton*, wherein the defendant had previously

been in police custody, had previously been arrested and released, and had counsel present for previous lineups. *People v McKenzie*, 205 Mich App 466, 470-472; 517 NW2d 791 (1994).

Here, defendant was not in custody at the time of the photographic lineup, and Officer Barrows had not made any previous identifications of defendant. Nor were any of the unusual circumstances at issue in *Cotton* present in this case. Defendant had been in police custody, and released the day before the photographic lineup was administered. However, there had been no previous lineups where defendant had an attorney present. Additionally, the circuit court found that defendant was not in custody for the offense of fleeing and eluding, but for the charge of driving with a suspended license. Defendant does not argue otherwise on appeal. If a defendant is in custody on a different offense, he is not afforded the right to counsel at photographic lineups for offenses where he is merely a suspect. *People v Wyngaard*, 151 Mich App 107, 113; 390 NW2d 694 (1986).

Second, defendant argues that the photographic lineup was unnecessarily suggestive because it only contained photographs of Asian men, despite Officer Barrows's claims that the driver was Hispanic. We disagree.

Photographic identification procedures can violate a defendant's due process rights if they are so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. *People v Gray*, 457 Mich 107, 111; 577 NW2d 92 (1998). A lineup may be unduly suggestive if a witness is shown a group of people but the defendant is singled out in some fashion. *Id.* A photographic array is not deemed to be suggestive if "it contains some photographs that are fairly representative of the defendant's physical features and thus sufficient to reasonably test the identification." *People v Kurylczyk*, 443 Mich 289, 304; 505 NW2d 528 (1993) (quotations marks and citation omitted). Mere differences in the composition of photographs, in the physical characteristics of the individuals photographed, or in the clothing worn do not render a lineup impermissibly suggestive, unless they substantially distinguish the defendant from other lineup participants. *Id.* at 304–305, 312. Such differences relate "only to the weight of an identification and not to its admissibility." *People v Hornsby*, 251 Mich App 462, 466; 650 NW2d 700 (2002).

Here, the photographic array consists of six colored photographs of similarly-looking, similarly aged Asian males. There is nothing in the array that singles out defendant's photograph from the other photographs in the array. Therefore, no impermissibly suggestive procedures were employed, and any inconsistencies between Officer Barrows's original description of the driver in question and defendant's actual characteristics were a matter for the jury to assess in deciding the weight to be accorded Officer Barrows's identification, not a matter of admissibility.

Third, defendant argues that the prosecution failed to show by clear and convincing evidence that under the totality of the circumstances an independent basis existed for Officer Barrows's in-court identification of defendant. Again, we disagree.

"If a witness is exposed to an impermissibly suggestive pretrial identification procedure, the witness'[s] in-court identification will not be allowed unless the prosecution shows by clear and convincing evidence that the in-court identification will be based on a sufficiently

independent basis to purge the taint of the illegal identification." *People v Colon*, 233 Mich App 295, 304; 591 NW2d 692 (1998) (citation omitted). Factors to consider in assessing whether an independent basis for the identification exists include: whether the witness had a prior relationship with or knowledge of the defendant; the witness's opportunity to observe the offense, including the length of time of the observation and lighting conditions; the length of time between the offense and the identification; any discrepancies between the witness's description and the defendant's actual description; any prior proper identification or failure to identify the defendant; any prior identification of another person as the assailant; the witness's psychological and physical condition; and any idiosyncratic or special features of the defendant. *Gray*, 457 Mich at 115–116. Not all factors are relevant in every case, and a court may put greater or lesser weight on any factor on the basis of the circumstances. *Id.* at 117 n 12.

The first factor is whether Officer Barrows had a prior relationship with or knowledge of defendant. The district court found that this factor favors a finding that no independent basis exists because Officer Barrows had testified during the preliminary examination that he had previously arrested defendant, and that Officer Barrows may have recognized defendant from that encounter, rather than as the driver in question. The circuit court disagreed, and found that prior relationship supported a finding that an independent basis exists. On appeal, defendant merely restates that Officer Barrows had prior contact with defendant. We agree with the circuit court's conclusion that this factor supports a finding for an independent basis for identification.

The second factor considers Officer Barrows's opportunity to observe the offense, including the length of time of the observation and lighting conditions. The district court found that this factor favored a finding for the existence of an independent basis because, although Officer Barrows testified that that he saw defendant twice briefly during pursuit, Officer Barrows, due to his training, would have been able to identify defendant under those circumstances. The circuit court agreed. Defendant does not argue otherwise on appeal. Therefore, this factor supports a finding for an independent basis for identification.

The third factor is the length of time between the offense and the identification. The district court found the eight days between the offense and the identification was not a period of time lengthy enough to cause concern, and therefore, favored a finding for the existence of an independent basis. The circuit court agreed. Defendant does not dispute this point, and therefore, this factor supports a finding for an independent basis for identification.

The fourth factor is whether there are any discrepancies between Officer Barrows's description and defendant's actual description. The district court found that factor favored a finding for the existence of an independent basis because, although Officer Barrow described the driver as a Hispanic man, and defendant is an Asian man, this discrepancy was minor because Hispanic men and Asian men share common physical characteristics. The circuit court agreed. On appeal, defendant states that this factor weighs against a finding for an independent basis for identification, but does not advance any argument to refute the reasoning given by both the district court and the circuit court. Therefore, this factor supports a finding for an independent basis for identification.

The fifth factor is whether Officer Barrows made a prior proper identification, or failed to identify defendant. The district court found that this factor did not apply. The circuit court

pointed out that Officer Barrows properly identified defendant at the photographic lineup in question. Defendant does not dispute this point. Therefore, this factor weighs in favor of a finding that an independent basis existed.

The sixth factor is whether Officer Barrows made a prior identification of another person as the driver in question. The district court found that this factor did not apply. The circuit court pointed out that no other person was identified as the driver. Defendant does not dispute this point. Therefore, this factor weighs in favor of a finding that an independent basis existed.

The seventh factor is Officer Barrows's psychological and physical condition. The district court found that this weighed in favor of a finding for the existence of an independent basis because, although a vehicle pursuit is typically an "adrenalin-filled event," Officer Barrows's police training would make it less likely that such excitement would distort his perception. The circuit court agreed. Defendant does not dispute this point. Therefore, this weighs in favor of a finding that an independent basis existed.

The eighth factor is whether there are any idiosyncratic or special features of defendant. The district court found that this factor did not apply. The circuit court agreed. This record contains no reference to any idiosyncratic or special features of defendant, nor does defendant advance any such argument on appeal. Therefore, this factor does not apply.

The applicable factors weigh in favor of a finding that an independent basis for identification existed for Officer Barrows's in-court identification of defendant. Thus, it cannot be said that there is a definite and firm conviction that a mistake was made. Accordingly, the circuit court properly reversed the district court's decision to grant defendant's motion to suppress the identification.

Finally, defendant argues that the jury verdict was against the great weight of the evidence. We disagree.

"To preserve a great-weight claim, a party must move for a new trial in the trial court." *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Defendant failed to bring a timely motion for a new trial with the lower court, and therefore, this issue is unpreserved.

When the issue is not properly preserved, this Court reviews challenges based on the great weight of the evidence for plain error affecting the defendant's substantial rights. *People v Lopez*, 305 Mich App 686, 695; 854 NW2d 205 (2014). The determination of whether a verdict is against the great weight of evidence requires review of the whole body of proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993), overruled in part on other grounds by *People v Lemmon*, 456 Mich 625 (1998). A verdict is against the great weight of evidence when the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *McCray*, 245 Mich App at 637.

With respect to whether a new trial is warranted on the basis that the verdict was against the great weight of the evidence, "[c]onflicting testimony and questions of witness credibility are generally insufficient grounds for granting a new trial." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). Rather, that remedy is reserved for cases where the testimony is contradicted by indisputable physical facts or law or is otherwise so patently incredible or

inherently implausible that it could not be believed by a reasonable trier of fact. *People v Lemmon*, 456 Mich 625, 642-647; 576 NW2d 129 (1998).

A conviction for third-degree fleeing and eluding requires evidence that (1) a law enforcement officer was in uniform with an adequately identified law enforcement vehicle and was performing his lawful duties, (2) the defendant was driving a motor vehicle, (3) the officer ordered the defendant to stop by hand, voice, siren, or emergency light, (4) the defendant was aware of the order, (5) the defendant refused to obey by trying to flee, and (6) some portion of the violation took place in an area where the speed limit was 35 miles per hour or less. MCL 257.602a(3); *Grayer*, 235 Mich App at 741.

Here, Officer Barrows was on patrol, dressed in full uniform, and driving a Ford Explorer bearing Troy Police Department markings, emergency lights, and sirens. Officer Barrows observed defendant driving a dark green or black vehicle. Officer Barrows activated his emergency lights three times, and his siren twice. Defendant, at one point, drove over a curb, and around Officer Barrows's vehicle, before driving away. The speed limit in the area was 25 miles per hour. Under these circumstances, it cannot be said that the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. Therefore, the jury's verdict, that defendant was guilty of fleeing and eluding, was not against the great weight of the evidence.

Defendant challenges the credibility of Officer Barrow's identification of defendant and defendant's vehicle, and argues that Officer Barrow's testimony fits the "exceptional circumstances" described in *Lemmon*. Specifically, defendant argues that because Officer Barrows repeatedly testified that he believed he was pursuing a Hispanic driver in a green vehicle, and because defendant was an Asian man driving a black vehicle, Officer Barrows's testimony was contradictory, and defied plausible physical facts.

Officer Barrows consistently testified that he believed he was pursuing a Hispanic man in a green vehicle. Although Officer Barrows's testimony did not contradict itself, it did contradict certain physical evidence presented at trial, namely defendant's Chinese heritage and photographic evidence of defendant's black vehicle. However, contrary to defendant's argument, these conflicts presented ordinary questions of credibility for the jury to decide. Officer Burrows testified that he had thought defendant's vehicle was dark green, but even after reviewing the video footage at trial, he was not certain whether defendant's vehicle appeared green or black. He also testified that he had two opportunities to see defendant's face during the pursuit, and that he had no hesitation when identifying defendant as the driver during the photographic lineup. Officer Barrows further testified that he recognized that defendant was not Hispanic, and that he knew "the difference between Hispanic and Asian." The jury was free to believe all, none, or part of the witnesses' testimony. *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). That fact that defendant was convicted in spite of Officer Barrows's testimony that he had thought the suspect was Hispanic, and that he knew "the difference between Hispanic and Asian," indicates that the jury found the remaining portions of Officer Barrows's testimony to be more credible. Officer Barrows's account was not patently incredible, inherently implausible, or in defiance of physical realities. See *Lemmon*, 456 Mich at 643-644.

Therefore, this case does not involve any exceptional circumstances that would warrant this Court interfering with the jury's assessment of Officer Barrows's credibility.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly