*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

DONTE JAMELLE SMITH,

   Defendant-Appellant.

UNPUBLISHED
June 11, 2025
2:50 PM

No. 370182
Van Buren Circuit Court
LC No. 2023-024625-FH

Before: YATES, P.J., and YOUNG and WALLACE, JJ.

PER CURIAM.

As a result of a strange car chase, defendant, Donte Jamelle Smith, was convicted by a jury of carrying a concealed weapon in a vehicle (CCW-auto), MCL 750.227, and fourth-degree fleeing and eluding, MCL 257.602a(2), but he was acquitted of three counts of second-degree child abuse, MCL 750.136b(3). On appeal, defendant challenges the constitutionality of MCL 750.227, as well as the sufficiency of the evidence supporting his convictions. We affirm.

## I. FACTUAL BACKGROUND

On June 5, 2023, Michigan State Police Trooper Alex Sussdorf signaled defendant to stop his car because of a cracked windshield and an expired Arkansas license plate. Trooper Sussdorf turned on the overhead lights on his police cruiser, but defendant did not apply the brakes. Trooper Sussdorf then activated his siren and airhorn, and issued commands over the cruiser's loudspeaker. Defendant repeatedly steered his car to the shoulder and repeatedly activated, and then deactivated, the vehicle's right-turn signal, but steered back onto the freeway each time. Eventually, defendant drove up the off-ramp and stopped at a gas station, which was approximately two miles from where Trooper Sussdorf initiated the traffic stop. Before stopping, defendant did not accelerate; he just maintained a speed that was below the posted speed limit.

As defendant drove onto the off-ramp, Trooper Sussdorf saw a suspected gun thrown from the car's window. After defendant stopped, Trooper Sussdorf identified defendant as the driver of the car, and he also saw that defendant's three children were passengers. Defendant told Trooper Sussdorf that a gun was in the vehicle, and a search revealed a loaded shotgun in the trunk of the car. Defendant denied throwing anything out of the car, but an unloaded 9mm Smith & Wesson

-1-

M&P handgun was recovered from the area where Trooper Sussdorf saw a suspected firearm being thrown from defendant's vehicle. Defendant was asked whether he had a concealed pistol license. In response, defendant "sounded very confused," he could not provide a concealed pistol license to Trooper Sussdorf, neither the car nor defendant's wallet contained a concealed pistol license, and defendant had not been issued such a license by the State of Michigan.

Defendant was tried on five charges before a jury on December 14, 2023. The jury returned not-guilty verdicts on the three charges of second-degree child abuse, but the jury found defendant guilty of CCW-auto and fourth-degree fleeing and eluding. Defendant now appeals of right.

## II. LEGAL ANALYSIS

On appeal, defendant contests both of his convictions, but not his sentences. Specifically, he claims his conviction for CCW-auto must be overturned because the statute under which he was convicted, i.e., MCL 750.227, is unconstitutional. In addition, he challenges the sufficiency of the evidence supporting both convictions. We shall address these two arguments in turn.

### A. THE CONSTITUTIONAL CHALLENGE TO MCL 750.227

Defendant contends that MCL 750.227, and its prohibition of carrying a pistol in a vehicle without a concealed pistol license, must be deemed unconstitutional under the Second Amendment and the Fourteenth Amendment of the United States Constitution, as interpreted in *New York State Rifle & Pistol Ass'n, Inc v Bruen*, 597 US 1, 17; 142 S Ct 2111; 213 L Ed 2d 387 (2022). But that argument was never advanced in the trial court, so it is unpreserved for appellate purposes.

Unpreserved constitutional claims are reviewed only for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Ordinarily, all "[m]atters of constitutional and statutory interpretation are reviewed de novo," *People v Skinner*, 502 Mich 89, 99; 917 NW2d 292 (2018), but under the plain-error rule, unpreserved constitutional claims require a showing that: (1) an error occurred; (2) the error was plain; and (3) the plain error affected the defendant's substantial rights, i.e., affected the outcome of the proceedings. *Carines*, 460 Mich at 763. Reversal is warranted only if the plain error "resulted in the conviction of an actually innocent defendant" or "seriously affected the fairness, integrity, or public reputation of judicial proceedings . . . ." *Id*. at 763 (quotation marks, citation, and brackets omitted). Beyond that, Michigan courts' "authority to invalidate laws is limited and must be predicated on a clearly apparent demonstration of unconstitutionality." *People v Harris*, 495 Mich 120, 134; 845 NW2d 477 (2014).

In *People v Langston*, ___ Mich App ___; ___ NW3d ___ (2024); slip op at 5 (Docket No. 367270), this Court noted "that a shall-issue statutory scheme [like the one in Michigan] requiring a concealed pistol license does not inherently violate the Second and Fourteenth Amendments to the United States Constitution." Also, in language applicable to the instant case, this Court stated that "the requirement of MCL 750.227 that a person must possess a valid CPL [i.e., a concealed pistol license] in order to carry a pistol in an automobile does not violate the Second Amendment." *Langston*, ___ Mich App at ___; slip op at 3. As a result, and as defendant seems to acknowledge, his constitutional challenge is foreclosed by *Langston*, which constitutes binding precedent. See

MCR 7.215(J)(1). Therefore, we must faithfully apply the holding in *Langston* and deny defendant relief on his constitutional challenge to MCL 750.227.

## B. SUFFICIENCY OF THE EVIDENCE

Defendant asserts that the prosecution presented insufficient evidence at trial to establish, beyond a reasonable doubt, all the elements of the offenses of CCW-auto and fourth-degree fleeing and eluding, so both of his convictions must be vacated on that basis. This Court reviews de novo a challenge to the sufficiency of the evidence supporting a conviction. *People v Harverson*, 291 Mich App 171, 175-177; 804 NW2d 757 (2010). In considering whether sufficient evidence exists to sustain a conviction, we must review the evidence in the light most favorable to the prosecution, and consider whether "there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *Harris*, 495 Mich at 126. "[T]he standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict," irrespective of "whether the evidence is direct or circumstantial." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks and citations omitted). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Id*. (quotation marks, citations, and emphasis omitted). With these principles in mind, we will first take up defendant's conviction for CCW-auto, and then we will address his conviction for fourth-degree fleeing and eluding.

## 1. THE CCW-AUTO CONVICTION

Defendant contends that the only evidence suggesting he possessed the recovered handgun came from Trooper Sussdorf's testimony about seeing an object thrown from defendant's car while it was moving. Defendant regards that testimony as too thin to support the conviction for carrying a concealed weapon in a car. According to MCL 750.227(2), it is unlawful to carry a pistol "in a vehicle operated or occupied by the person . . . without a license to carry the pistol as provided by law . . . ." To support such a charge, the prosecution need only show that the defendant knowingly carried a pistol in an automobile or on his or her person[.]" *People v Brown*, 330 Mich App 223, 230; 946 NW2d 852 (2019). And for all "possessory crimes in Michigan, actual possession is not required; constructive possession is sufficient." *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). "The test for constructive possession is whether the totality of the circumstances indicates a sufficient nexus between defendant and the contraband." *Id*. at 91-92 (quotation marks and citation omitted). A person "has constructive possession if there is proximity to the article together with indicia of control." *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989). "Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Id*. at 470-471. Constructive possession "can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011) (quotation marks and citation omitted).

It was established at trial that defendant was driving the car from which a suspected firearm was thrown, and a handgun was recovered from the area where the suspected gun was thrown from the car. Necessarily, an occupant of the car had to access, possess, and throw the firearm from the car that defendant was operating. Furthermore, it was established that defendant did not possess a

concealed pistol license in Michigan. Accordingly, when viewed in the light most favorable to the prosecution, sufficient circumstantial evidence was presented to prove, beyond a reasonable doubt, that defendant possessed the 9mm Smith & Wesson M&P handgun recovered by the police. Thus, the trial record contains sufficient evidence to sustain defendant's conviction for CCW-auto.

## 2. THE FLEEING AND ELUDING CONVICTION

Defendant argues that the record does not contain enough evidence to support a conviction for fourth-degree fleeing and eluding because defendant was not "fleeing." Instead, defendant just maintained a constant speed while Trooper Sussdorf tried to make a traffic stop, and defendant did not take any action to elude Trooper Sussdorf.

Defendant was convicted of violating MCL 257.602a(1), which states:

> A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop shall not willfully fail to obey that direction by increasing the speed of the motor vehicle, extinguishing the lights of the motor vehicle, or otherwise attempting to flee or elude the officer.

Fleeing and eluding is a general intent crime that requires the intent to engage in the physical act of fleeing and eluding a police officer. *People v Abramski*, 257 Mich App 71, 73; 665 NW2d 501 (2003). The elements of the offense require the prosecution to establish "that the defendant refused to obey by trying to flee or avoid capture, which element necessitates a finding of some intent on the part of the defendant to flee or avoid capture." *People v Grayer*, 235 Mich App 737, 741-742; 599 NW2d 527 (1999). "The words 'flee' and 'elude' as used in [the statute] have not acquired a particular meaning in our courts," and "connote an intent to take affirmative action, not simply fail to submit." *Id*. at 740-741.

The evidence revealed defendant disregarded Trooper Sussdorf's flashing lights, siren, and loudspeaker signals, from his marked cruiser, for two miles, occasionally driving on the shoulder. Only after defendant threw the gun out the window of his car did he submit to the traffic stop at the end of an off-ramp. That evidence, i.e., the distance traveled, taken together with the tossing of the gun, established defendant's general intent to avoid capture. Consequently, the evidence, viewed in the light most favorable to the prosecution, allowed a rational trier of fact to determine, beyond a reasonable doubt, that defendant committed fourth-degree fleeing and eluding, regardless of whether defendant accelerated or took any evasive measures in response to Trooper Sussdorf's directions to stop the car.

Affirmed.

/s/ Christopher P. Yates
/s/ Randy J. Wallace